STATE EX REL. IKELER, Appellant, vs. KOSZEWSKI and others, Respondents.*
STATE EX REL. KRUEGER, Appellant, vs. SAME, Respondents.*

*September 14—October 12, 1943.*

* Motion for rehearing denied, with $25 costs, in one case only, on December 7, 1943.

For the appellants there was a brief by *Ronald A. Padway,* attorney, and *Corrigan & Backus* of counsel, all of Milwaukee, and oral argument by *Mr. Walter D. Corrigan, Sr.,* and *Mr. Padway.*

For the respondents there was a brief by *James J. Kerwin,* district attorney of Milwaukee county, and *O. L. O'Boyle,* corporation counsel, and oral argument by *Mr. O'Boyle.*

FRITZ, J.   The Milwaukee county civil·service commission's orders, by which the appellants Ikeler and Krueger were discharged as coroner's assistants and removed permanently from the county's classified civil service, were made by the commission after holding hearings pursuant to written charges against appellants, which were filed with the commission by Herman J. Schmidt, as the deputy coroner of the county. Appellants' principal contentions on this appeal from the circuit court's judgments quashing the writs of *certiorari* are (1) that the charges filed by Herman J. Schmidt as deputy coroner on April 13, 1942, were invalid because, as they claim, he was then neither a *de jure* nor a *de facto* deputy coroner; (2) that neither the written notice of the suspension of appellants nor the charges filed against them by Schmidt were sufficiently definite to apprise them as to the alleged violations; and (3) that they did not have a fair trial before the commission.

For the consideration of the first of those contentions, it suffices to note the following matters, which appear without ·dispute in the record of the proceedings of the commission pursuant to the charges in question.   On April 11, 1942, Herman J. Schmidt, as deputy coroner, signed a written notice suspending Ikeler and Krueger from office as coroner's assistants; and on April 13, 1942, written charges that they had violated certain rules of the commission were likewise signed by Schmidt and filed with the commission.   At the opening of the hearing on charges before the commission, on April 27, 1942, counsel for Ikeler and Krueger objected to the pro-

ceedings on the ground that when Schmidt signed the notice of suspension and the charges he was not in fact a legally appointed, qualified, and acting deputy coroner, because the written notice of his appointment as deputy coroner,—which the coroner, Henry Grundman, signed on March 26, 1942,—had not been filed and recorded in the office of the clerk of the circuit court for the county, as provided in sec. 59.365, Stats. In respect to matters involved in that objection, there are the following facts in the record. On and for some time prior to March 26, 1942, Grundman was unable by reason of illness to perform his duties as coroner; and because the deputy coroner, Richard Schmidt, who theretofore had been appointed by Grundman, also became ill and unable to perform his official duties, Grundman, as coroner, on March 26, 1942, executed a written revocation of Richard Schmidt's appointment as deputy coroner, and also a written appointment, effective March 27, 1942, of Herman J. Schmidt as deputy coroner. Those instruments, together with the latter's oath of office as deputy coroner, were filed in the office of the county clerk of Milwaukee county on March 26, 1942; and Herman J. Schmidt thereafter performed the duties of the office of deputy coroner, and as such executed the written notice suspending Ikeler and Krueger as coroner's assistants, and also written charges against them, as stated above. Upon their counsel objecting on April 27, 1942, to further proceedings before the commission, the written instrument appointing Herman J. Schmidt as deputy coroner was withdrawn forthwith from the county clerk's office and filed in the circuit court clerk's office; and Schmidt re-executed, as of April 27, 1942, the written charges against Ikeler and Krueger. Over their objection the commission ruled that regardless of the legal status of Schmidt to file the charges as deputy coroner on April 13, 1942, or the re-execution thereof on April 27, 1942, the charges might be filed, under the commission's rules and regulations, by a private citizen, with its consent; and that

the commission was accordingly authorizing Schmidt to file the charges as a citizen. Thereupon the commission proceeded with the hearing without further service of the reexecuted charges upon appellants.

Appellants' contention, that because the written appointment of Herman J. Schmidt as deputy coroner was not filed in the circuit court clerk's office before Schmidt filed his charges against the appellants on April 13, 1942, there was no valid basis for the hearing and proceedings by the commission, cannot be sustained. Although sec. 59.365 (1), Stats., provides that "Every appointment of a deputy coroner . . . shall be in writing and filed and recorded in the office of the clerk of the circuit court," it does not follow that because of the omission to so file and record the written appointment of Schmidt until April 27, 1942, his appointment did not become effective on March 27, 1942, as expressly provided therein by Grundman. There is no provision or express declaration in sec. 59.365, Stats., that there shall be a vacancy if such an appointment is not so filed or recorded. Consequently, in the absence of such an express declaration, there is applicable the rule that,—

"In the absence of such express declaration the requirements of the statutes in such cases are generally construed to be directory merely and not mandatory. Mechem, Pub. Off. secs. 262, 266; 23 Am. & Eng. Ency. of Law (2d ed.) 357. Here the requisite oath of office was taken by the defendant immediately upon receiving the certificates of election. The only objection to that oath is that it was filed in the wrong office. . . . We must hold that the office to which the defendant was elected did not become vacant by reason of such oath being filed in the office of the county clerk instead of the office of the clerk of the circuit court." *State ex rel. Dithmar v. Bunnell,* 131 Wis. 198, 211, 110 N. W. 177.

On the other hand, sec. 17.03 (7), Stats., does expressly provide that a public office shall become vacant in the event of the neglect or refusal of any person elected or appointed

thereto "to take and file his official oath or to execute or renew his official bond, if required, or to file the same or either thereof in the manner and within the time prescribed by law." This provision was promptly complied with by Schmidt on March 26, 1942, the day of his appointment as deputy coroner, by taking his oath of office and filing it in the county clerk's office as prescribed by sec. 19.01 (4) (d), Stats. Consequently, as there was due compliance in that respect by Schmidt, and it does not appear that he was required by the coroner to furnish any bond (as the latter might have required under sec. 59.365 (3), Stats.), no vacancy resulted under the provisions in sec. 17.03, Stats. It follows that, as Grundman s appointment of Schmidt was valid and effective on and after March 27, 1942, the charges filed by him as the deputy coroner were validly filed, and that pursuant thereto the commission was warranted in proceeding with the hearing.

The first part of the charges, which appellants contend were not sufficiently definite to give appellants notice in the manner and form required by law as to what particular offense is alleged, read as follows,—

As to Ikeler—"General: I charge that you have violated paragraphs 1, 2, 4, 7, 8, 12, 17 and 18 of section 4, rule 7, of said civil service commission in that. . . ."

As to Krueger—"General: I charge that you have violated paragraphs 1, 2, 4, 6, 7, 8, 12, 16, 17 and 18 of section 4, rule 7, of the civil service commission in that. . . ."

Appellants contend that in thus attempting to charge violations of the commission's rules by alleging the numbers of certain paragraphs of section 4 of rule 7, which are charged to have been violated, the allegations are not sufficiently definite, because in section 4 the offenses mentioned in the numbered paragraphs are stated in the disjunctive, viz., that the employee "(1) has been convicted of a criminal offense or of a misdemeanor involving moral turpitude, or (2) has been guilty of an immoral or criminal act; or (3) has been intoxi-

cated while on duty," etc. Appellants' contentions in those respects cannot be sustained. The fact that in the commission's rule there are thus stated in the disjunctive each of the numbered paragraphs which define the offenses does not render uncertain Schmidt's allegations. In charging as to each appellant that he violated the paragraphs in section 4, which Schmidt specified, his allegations are not in the disjunctive. On the contrary, the unambiguous and obvious meaning of the simple language used by Schmidt is that the accused violated each and all of the paragraphs specified in the charges against him.

However, in addition to the above-quoted portion of the charges, there are allegations that the violations of the specified paragraphs of section 4 were committed by Ikeler in that he was "guilty of misappropriation of money and property taken from the bodies of deceased persons, and other acts of malfeasance as appearing in testimony of recent county board committee investigation;" and were committed by Krueger in that he was "guilty of intoxication on duty, discourtesy to public, misappropriation of money or other property belonging to deceased persons, offering of money to coemployees, and other acts of malfeasance as appearing in testimony of recent county board committee investigation." Thus the accused were not only apprised more specifically as to the elements of the malfeasance charged, but there was also in the allegations the express reference to matters which appeared in detail in testimony on a recent county board committee investigation. That was an investigation made on March 30 and April 1, 1942, of the coroner's office and its employees by a committee of the county board, and a transcript thereof, including the testimony taken to appellants' knowledge, was in the office of the commission and available to them. If, in addition, appellants needed or desired further details, they should have filed a demand for further particulars. None were demanded, and the proceedings on the hearing before

the civil service commission warrant the statements in its findings that—

". . . no evidence was presented at the hearing before this commission that had not been presented at the committee [board of supervisors] investigation above referred to, transcript of which was in the possession of defendant's counsel several days before the hearing before this commission, with the exception only of testimony by funeral directors in the city of Milwaukee as to intoxication of defendant, Walter J. Krueger and solicitation by him of money for the purchase of drink. . . . Counsel for defendants was likewise advised that if he claimed surprise ample time would be given him to produce such evidence as he might desire in rebuttal of the evidence produced in support of said charges. No such request for further adjournment was made by counsel at the conclusion of the hearing before this commission."

Upon the review of the record it is evident that none of the objections, which are asserted by appellants in other respects to the jurisdiction and procedure of the commission, justify concluding that there was any erroneous ruling or action on the part of the commission by reason of which appellants can be deemed to have been prejudicially affected or denied a fair trial. Likewise, the record fully warranted the trial court's conclusions that the commission's findings are amply sustained in the evidence adduced upon the hearing; and that in view of the rule that the commission's decisions are conclusive when it appears that the commission is acting within the field and using only such powers as are ascribed to it, the findings cannot be disturbed in *certiorari* proceedings.

*By the Court.*—Judgments affirmed.