MATTHEW F. ANICH, District Attorney Ashland County
You request my opinion whether section 59.365 (1), Stats., which provides in part that "[w]ithin 10 days after entering upon the *Page 199 
duties of the office, the coroner may appoint one or more proper persons, residents of the county, deputy coroner," precludes the coroner from appointing a deputy after such ten-day period has elapsed. Your tentative conclusion is that the time requirement of the statute is "directory" merely and not "mandatory," and that a coroner can legally appoint additional deputies after such ten-day period. I agree with your conclusion.
The apparent purpose of the ten-day time limit in section 59.365 (1) is to insure that appointment of deputy coroners be made promptly after the coroner takes office. However, statutes setting time periods within which various officials or agencies are to perform an act are commonly construed to be directory and not jurisdictional or mandatory, where no substantial rights have been jeopardized and no prejudice will occur. 1 A SutherlandStatutory Construction § 25.03 (4th ed. 1972). See alsoMuskego-Norway C.S.J.S.D. No. 9 v. WERB, 32 Wis.2d 478, 485d,145 N.W.2d 680 (1966): requirement that board file findings within sixty days after hearing is directory; Worachek v.Stephenson Town School Dist., 270 Wis. 116, 122, 70 N.W.2d 657
(1955): requirement that teacher file teaching certificate within ten days after contracting to teach is directory: State v.Industrial Comm., 233 Wis. 461, 466, 289 N.W. 769 (1940): requirement that commission act on petition to review findings and order of examiner within ten days is directory; Appleton v.Outagamie County, 197 Wis. 4, 9. 10, 220 N.W. 393 (1928): requirement that county board levy taxes at its November session is directory.
As you point out, the supreme court has previously concluded that the requirement in section 59.365 (1), that the appointment of a deputy coroner be "filed and recorded in the office of the clerk of the circuit court," is directory and that the initial misfiling in the county clerk's office did not affect the validity of such appointment. State ex rel. Ikeler v. Koszewski,243 Wis. 483. 485-88, 11 N.W.2d 176 (1943). More specifically, inState ex rel. Johnson v. Nye, 148 Wis. 659, 135 N.W. 126 (1912). The supreme court has expressly ruled that a statutory requirement as to the time of making an appointment to a public office is directory merely and that the Governor could, therefore, legally appoint a state grain commissioner in October although by law he should have made such appointment in the January preceding. In rejecting the argument that the late appointment was void, the court said. 148 Wis. at 669: *Page 200 
"It is true, as appears from the complaint, that the defendant was not appointed in January, nor until October, 1911. But under the decisions of this court we think the statute is directory, not mandatory, and that the appointment made after January is a valid appointment. "
I consider State ex rel. Johnson as dispositive of your question. There is no substantial reason why a deputy coroner might not be appointed after the time prescribed as before. Such an appointment works no injury or wrong. You advise, in fact, that its purpose in this instance is to provide service to a distant part of the county "to reduce response time after notification of a death." The appointment clearly serves the purpose of the statutory provision involved and there is no indication that the Legislature intended to preclude such an appointment.
BCL:JCM