REIDINGER, Plaintiff-Appellant, v. OPTOMETRY EXAMINING BOARD, Defendant-Respondent.

*No. 75–780. Argued November 1, 1977.—Decided December 13, 1977.*
(Also reported in 260 N.W.2d 270.)

For the appellant there was a brief by *Howard B. Hippman* and oral argument by *Jonathan M. Hajny*, both of Oregon.

For the respondent the cause was argued by *Stephen M. Sobota*, assistant attorney general, with whom on the brief was *Bronson C. La Follette*, attorney general.

DAY, J. This is an appeal from a judgment quashing a writ of certiorari and affirming the findings and order of the Optometry Examining Board, revoking Dr. Francis J. Reidinger's (petitioner's) license to practice optometry in this state. The Board on July 24, 1975 found that the petitioner had been convicted of federal income tax evasion, a felony. The Board then revoked petitioner's license pursuant to sec. 449.07(1)(d), Stats. (1975).[1]

---

[1] "449.07. *Revocation.* (1) The Examining Board, by order, may deny, suspend or revoke any license or certificate of registration if

The order provided that petitioner could apply for reinstatement of his license and that such application would be considered by the Board at its July 1976 meeting. Petitioner sought review of the Board's decision by writ of certiorari to the Circuit Court for Dane County on March 8, 1976. The Circuit Court entered judgment quashing the writ.

The petitioner appeals to this court, claiming that the Board's action was arbitrary and capricious and that sec. 449.07(1)(d), Stats. (1975) is unconstitutionally vague and denies equal protection and due process.

The petitioner is a resident of Menominee, Michigan and received his license to practice optometry in Wisconsin in 1949. Since that time, he has been a sole practitioner with offices in Marinette and Pulaski. Prior to this matter, the petitioner had never been before the Board on any kind of complaint.

In November 1968 the petitioner began to suffer from a number of health problems including a rupture of the right renal cyst and bilateral polycystic kidney disease, also known as Bright's disease. The diagnosis noted that the petitioner was at an age when people with this disease begin to have trouble with renal function and when cerebral vascular accidents could occur, causing death. Petitioner was also suffering from hypertension. He was given medication to control the hypertension and ordered to reduce his work schedule which he did.

In January 1970, the petitioner's wife was hospitalized for removal of recurrent varicose veins, and other medical problems. In March 1970, she again entered the hospital and was operated on for cancer.

the licensee or registrant . . . (d) has been convicted in a court of competent jurisdiction, either within or without the state, of any violation of any law governing the practice of optometry or of any felony, a certified copy of the record of conviction to be conclusive evidence of such conviction . . ."

In June 1970, the petitioner was admitted to the hospital because of severe right flank pain and in September 1970 he was placed on drug therapy for his hypertension, but was advised against further surgery at that time.

In December 1970, the petitioner was told that he could not obtain life insurance and that he could not increase his health insurance. He contends that he was worried about the future of his wife and three children who were in school, and that because of this he took a portion of his gross income, did not pay taxes on it and invested it for the future protection of his family.

On March 5, 1975, in the United States District Court for Western Michigan, the petitioner was convicted, on a plea of no contest, to a charge of income tax evasion for the year 1972. The offense is a felony contrary to 26 USC §7201. He was fined $1,000 and placed on probation for two years.

On April 24, 1975 the Board held a hearing pursuant to sec. 449.09, Stats. (1975).[2] The petitioner appeared

---

[2] "449.09. *Procedure For Revocation Of A License.* (1) The examining board may make investigations and conduct hearings in regard to the conduct of any licensed optometrist or any person who, it has reason to believe, is acting or has acted in such capacity within the state. The person complained against shall have notice in writing of the charges and specifying a date not less than 10 days after the service of the notice for a hearing and he shall have opportunity to confront witnesses against him, and to produce testimony. A stenographic record of the proceedings shall be taken and a transcript shall be made for the department's files. The person complained against may within 60 days after notice in writing of the examining board's action, by registered mail, mailed to his last-known address, proceed to review such action of the examining board by writ of certiorari, brought in the circuit court of Dane county; but the action of the examining board shall stand until otherwise directed.

"(2) Upon application and satisfactory proof that the cause of such revocation or suspension no longer exists, the examining board may reinstate any license or registration by it suspended or revoked."

in person and by counsel and waived his right to written notice of hearing and formal complaint under sec. 449.09(1), Stats. (1975).

The Board's findings of fact, conclusion of law and order, in pertinent part, read as follows:

### *"Findings Of Fact*

"1. That the respondent Francis J. Reidinger, O.D., is an optometrist licensed to practice in Wisconsin. . . .

"2. That on March 20, 1975, the respondent, upon a plea of *nolo contendere,* was convicted in the United States District Court for the Western District of Michigan of the offense of income tax evasion.

"3. That pursuant to 26 U.S. Code, sec. 7201, the respondent has therefore been convicted of a felony.

"4. That pursuant to sec. 449.07(d), Stats., the examining board, by order, may suspend or revoke the license or certificate of registration of an optometrist who has been convicted of any felony.

### *"Conclusion Of Law*

"That the respondent has been convicted in a court of competent jurisdiction, without this state, of a felony and conclusive evidence of such conviction by way of a certified copy of the court's judgment has been presented to the examining board.

### *"Order*

"1. That the license and certificate of registration of the respondent, Francis J. Reidinger, O.D., to practice optometry in the State of Wisconsin be, and the same hereby are, revoked pursuant to sec. 449.07(d), Stats. Such revocation shall commence sixty (60) days after service of this order, by registered mail, upon the respondent, Francis J. Reidinger.

"2. . . .

"3. That the respondent may apply in writing to the examining board for reinstatement of his license and

certificate of registration pursuant to sec. 449.09(2), Stats. Such application will be considered by the examining board at its regular meeting in July of 1976 and shall be filed with the examining board no later than May 7, 1976."

The parties stipulated to a stay of the Board's order, both during the certiorari proceedings in the circuit court and the appeal proceedings in this court.

The standard for court review of an administrative agency decision on certiorari was set forth in *LeBow v. Optometry Board*, 52 Wis.2d 569, 573–574, 191 N.W.2d 47 (1971) as follows:

". . . a court in reviewing the action of an administrative board or agency in certiorari will go no further than to determine: (1) Whether the board kept within its jurisdiction, (2) whether it acted according to law, (3) whether its action was arbitrary, oppressive, or unreasonable and represented its will and not its judgment, and (4) whether the evidence was such that it might reasonably make the order or determination in question."

The petitioner alleges that the action of the Board is arbitrary. We agree because the Board failed to exercise its discretion. Discretion is more than a choice between alternatives without giving the rationale or reason behind the choice. In *McCleary v. State*, 49 Wis.2d 263, 277, 182 N.W.2d 512 (1971), this court said,

"In the first place, there must be evidence that discretion was in fact exercised. Discretion is not synonymous with decision-making. Rather, the term contemplates a process of reasoning. This process must depend on facts that are of record or that are reasonably derived by inference from the record and a conclusion based on a logical rationale founded upon proper legal standards. As we pointed out in *State v. Hutnik* (1968), 39 Wis.2d

754, 764, 159 N.W.2d 733, '. . . there should be evidence in the record that discretion was in fact exercised and the basis of that exercise of discretion should be set forth.' "

There is nothing in the findings, conclusions or order of the Board showing that it exercised its discretion as that term has been interpreted by this court.

In the statute under consideration here, it is clear that the Board "may" revoke a license for conviction of a felony. It is equally clear that the Board may decide not to revoke a license when a licensee has been convicted of a felony. Under the statute, conviction of a felony does not raise an irrebuttable presumption of unfitness to practice optometry, but does raise a question for the Board in the exercise of its discretion to determine. The choice lies within the discretion of the Board for one purpose only, to protect the public from incompetent or untrustworthy optometrists. As the Board pointed out in its brief, the legislative purpose in authorizing the suspension or revocation of a license for felony conviction is to protect the public interest and not to impose a second penalty for the criminal offense involved. *Kachian v. Optometry Board,* 44 Wis.2d 1, 6, 170 N.W.2d 743 (1969) ; *State v. MacIntyre,* 41 Wis.2d 481, 483–484, 164 N.W.2d 235 (1969). There is no reference to the protection of the public anywhere in the Board's findings, conclusion or order. Neither is there any mention of the relationship between the particular felony conviction here, the circumstances surrounding it and the fitness of petitioner to continue in the practice of optometry.

This court regards income tax evasion as a serious offense, but here there is not a word as to the Board's view of the nature of the felony conviction much less as

to how it relates to the protection of the public under the circumstances of this case.

The circuit court said with respect to petitioner's right under the Board's order to apply for reinstatement:

"Paragraph 3 of the board's order puts it within the licensee's power by filing a petition for reinstatement with the board on or before May 7, 1976, to have such petition acted upon at the regular meeting of the board in July, 1976. The Court is of the opinion that it would be a denial of due process for the board to deny such petition for any reason other than protection of the interests of the public grounded upon facts set forth in the board's action of denial. In other words, due process would require that the board make such a record in the matter that the licensee would be in a position to secure court review of the denial by certiorari."

But the duty of the Board not to ". . . deny such petition for any reason other than the protection of the interests of the public grounded upon facts set forth in the Board's action of denial. . . ." starts earlier than the petition for reinstatement. Its duty begins at the time of revocation which can only be done for the protection of the public grounded upon facts set forth in the Board's action of revocation based on the record before it.[3]

---

[3] Since the Board made its decision in this case, the legislature has amended the optometry statute by Chapter 125, Laws of 1977 to make it an unlawful act of discrimination to terminate a license for conviction of a felony unless "the circumstances of which substantially relate to the circumstances of the particular job or licensed activity . . . ."

"449.07(1)(d)  Has been convicted in a court of competent jurisdiction, either within or without this state, of any violation of any law governing the practice of optometry or of any felony, *subject to s. 111.32(5)(a) and (h),* a certified copy of the record of conviction to be conclusive evidence of such conviction."

The petitioner also challenges the statute here in question on constitutional grounds. We need not reach those challenges because the judgment of the circuit court must be reversed on the grounds already stated.

*By the Court.*—Judgment reversed and cause remanded with directions to return the case to the Optometry Board for further action consistent with this opinion.

---

111.32 "(5) (a) 'Discrimination' means discrimination because of . . . conviction record. . ."

111.32 "(5) (h) . . . It is discrimination because of conviction record: . . ."

111.32 "(5) (h) . . . 2. For any employer, labor organization, licensing agency or employment agency to refuse to hire, employ, admit or license any person, or to bar or terminate any person from employment, membership or licensing, or to discriminate against any person in promotion, compensation, terms, conditions or privileges of employment, membership or licensing, or otherwise to discriminate against any person because such person has an arrest record or a conviction record; provided, however, that it shall not be unlawful; . . .

"b. For an employer or licensing agency to refuse to employ or license, or to bar or terminate from employment or licensing, any person who has been convicted of any felony, misdemeanor or other offense the circumstances of which substantially relate to the circumstances of the particular job or licensed activity." (Ch. 125, 1977 Session Laws.)