STATE of Wisconsin EX REL. William STAPLES, Petitioner-Appellant-Petitioner,

v.

DEPARTMENT OF HEALTH & SOCIAL SERVICES, Division of Corrections, and Disciplinary Committee, Respondents.

Supreme Court

*No. 82–765. Argued November 1, 1983.— Decided November 30, 1983.*

(Also reported in 340 N.W.2d 194.)

For the petitioner there were briefs and oral argument by *Kenneth P. Casey,* assistant state public defender.

For the respondents the cause was argued by *George B. Schwahn,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

STEINMETZ, J.  This case raises the issue of the procedural safeguards that must be employed in prison disciplinary proceedings, pursuant to sec. HSS 303.86, Wis. Adm. Code, when the principal evidence against the accused is the written statement of an unidentified informant.

This case arises from a prison disciplinary proceeding at the Kettle Moraine Correctional Institution which determined that William Staples had stabbed another inmate on December 22, 1980.  In January, 1981, Staples filed a pro se, handwritten petition for a writ of certiorari.  No return to the writ was ever ordered.[1]  On March 17, 1982, the Honorable John Bolgert, circuit judge for Sheboygan county, reviewed the papers filed by the pro se petitioner and denied the petition.  Almost immediately, Staples filed additional pleadings seeking the writ of certiorari, and on March 25, 1982, Judge Bolgert on his own motion denied this second request for a writ of certiorari declaring it was based on exactly the same facts, circumstances and requests and the same remedy as the petition denied on March 17, 1982.

---

[1] In his initial petition to the trial court, Staples appended copies of the notice of temporary lockup, conduct report, disciplinary hearing record and decision and the superintendent's affirmance of the committee action. The trial court treated the filed documents as being equivalent to a return from a writ of certiorari. Therefore, although no formal return was ever filed, the trial court addressed the merits of Staples' grievance.

Staples then took a pro se appeal to the court of appeals. The court of appeals affirmed the trial court's denial of the writ of certiorari.[2]

On February 8, 1983, this court granted Staples' pro se petition for review of the court of appeals decision and referred the matter to the State Public Defender for representation of Staples.

On December 22, 1980, inmate Nathaniel Coburn was stabbed in the back while in a restroom in the school complex of the Kettle Moraine Correctional Institution. The weapon used was never recovered. The victim refused to identify his assailant. Rumors and conversations of inmates overheard by correctional staff suggested that inmate Staples might be implicated.

A staff member investigated the incident and obtained a signed statement from a confidential informant who would not be identified but allegedly witnessed the incident. The substance of the confidential informant's statement is that he was in a hallway and saw a fight between Staples and Coburn, saw Coburn turn his back to Staples, and then Coburn grabbed his back which had started to bleed. The record is silent on whether or not the signed statement of the unidentified informant was under oath. After an investigation, the staff member issued a conduct report charging Staples with battery of another inmate, pursuant to sec. HSS 303.12, Wis. Adm. Code.

A disciplinary hearing was held on January 9, 1981. At the hearing, Staples denied guilt and presented the testimony of one witness, another inmate, who stated that he was with Staples in a shop class on the day and time of the stabbing, but he could not account for Staples' presence during an entire five minute break. The adjustment committee of the institution found Staples

[2] The court of appeals affirmed the trial court in an unpublished per curiam opinion.

guilty of battery in violation of sec. HSS 303.12, Wis. Adm. Code, stating: "Evidence is not overwhelming but because of the seriousness of the offense and placing great weight on one confidential informant we enter a finding of guilty."

The pertinent portions of the Wisconsin Administrative Code for consideration of the disciplinary hearing and the issues of witnesses, evidence and rights of an accused are found in sec. HSS 303.86, *Evidence,* Wis. Adm. Code:

"(4) If a witness refuses to testify in person and if the committee finds that testifying would pose a significant risk of bodily harm to the witness, the committee may consider a corroborated, signed statement under oath from that witness without revealing the witness's identity. The contents of the statement shall be revealed to the accused, though the statement may be edited to avoid revealing the identity of the witness. The committee may question the witnesses, if they are otherwise available. Two anonymous statements by different persons may be used to corroborate each other. A statement can be corroborated in either of the following ways:

"(a) By other evidence which substantially corroborates the facts alleged in the statement such as, eyewitness account by a staff member or circumstantial evidence; or

"(b) By evidence of a very similar violation by the same person.

"(5) After disposition has been reached by the adjustment committee, and if a finding of guilt results, restricted informant material shall then be forwarded to the security office for retention in the restricted security department file with all other copies of the entire hearing results."

"Note: HSS 303.86

". . . .

"Subs. (3) and (4) address the problem of the unavailable witness. Sub. (3) contemplates that the statement and the identity of the maker will be available to the accused. Sub. (4) permits the identity of the witness to be withheld after a finding by the committee or hear-

ing officer that to reveal it would substantially endanger the witness. This is not often a problem, but it does arise, particularly in cases of sexual assault. To protect the accused, it is required that there be corroboration; that the statement be under oath; that the content of the statement be revealed, consistent with the safety of the inmate. In addition, the committee or hearing officer may question the people who give the statements.

"Sub. (5) deals with the handling of information received from a confidential informant. This information will not be placed in the inmate's case record where it would be accessible to him or her, but will be filed only in the security office. See ch. HSS 307 for the handling of records which are classified 'restricted.'"

In this section of the Administrative Code, the Wisconsin Division of Corrections has fashioned safeguards, the extent of which are not challenged by this petitioner. The petitioner alleges the provisions of sec. HSS 303.86 were not properly applied to his hearing.

Under this administrative rule, a statement from an unidentified informant (unidentified to the accused) may be used only if (1) it is corroborated as in sub. 4(a) or (b), and (2) the statement is under oath. Such statement may not be used at all absent the two factual prerequisites in the first sentence of subsec. (4) : First, that the witness refuses to testify in person, and secondly, that the committee "finds that testifying would pose a significant risk of bodily harm to the witness."

Administrative rules enacted pursuant to statutory rulemaking authority have the force and effect of law in Wisconsin. *Kranzush v. Badger State Mut. Cas. Co.*, 103 Wis. 2d 56, 77–78, 307 N.W.2d 256 (1981) ; *Law Enforce. Stds. Bd. v. Lyndon Station*, 101 Wis. 2d 472, 488, 305 N.W.2d 89 (1981).

In this record, there is no finding that the unidentified informant's statement was under oath. If a return

to the writ of certiorari had been ordered, the statement would have been brought up to the trial court. It could have been sealed for the judge's inspection to protect the identity of the witness. In that way, the judge could see if the requirement of the administrative rule that the statement be under oath was met.

This record does not show whether the witness refused to testify in person and if he did, then there is no recorded finding by the adjustment committee that the witnesses "testifying would pose a significant risk of bodily harm to the witness." It is only when that finding is made that the committee may consider corroboration of the unidentified witness statement by either:

"Two anonymous statements by different persons . . .
"(a) By other evidence which substantially corroborates the facts alleged in the statement such as, eyewitness account by a staff member or circumstantial evidence; or
"(b) By evidence of a very similar violation by the same person." HSS 303.86(4), Wis. Adm. Code.

At Staples' disciplinary hearing, only one anonymous statement was received. No evidence was received of "a very similar violation" by Staples, nor was there any eyewitness account by a staff member. Staples, when confronted by rumors and overheard conversations of noneyewitness inmates which implicated him in the assault on inmate Coburn, responded that inmates may have talked of his involvement because he had "been involved in assaults before." There is no evidence in the record indicating the nature of these other "assaults" and therefore no bases for concluding that Staples had committed "a very similar violation" as required by Wis. Adm. Code, sec. HSS 303.86(4)(b).

In construing the administrative rule, great consideration should be given to the harm which the rule seeks to

remedy or prevent and the purpose sought to be accomplished. *RTE Corp. v. ILHR Department*, 88 Wis. 2d 283, 276 N.W.2d 290 (1979). In this case, the draftsman of HSS 303.86(4), Wis. Adm. Code, has made the purpose of these safeguards clear: "To protect the accused, it is required that there be corroboration; that the statement be under oath; that the content of the statement be revealed, consistent with the safety of the inmate." *Id.* at Note, sec. HSS 303.86.

There are only three references to the informant's statement in this record. First, the investigating officer stated that he obtained a statement from a confidential informant which stated that he saw the fight from the hallway. Secondly, a reason given for the committee's decision is that the statement of the confidential informant was signed. Finally, one of the committee's reasons for disposition was its "placing [of] great weight on one confidential informant." If anything, the record suggests the statement was signed but there is not even an inference that it was taken under oath.

The imperfect alibi testimony offered by Staples' witness may be an imperfect defense but it does not contribute to corroboration of the informant's statement.

The fact that the committee considered Staples had access to a tool chest in the workshop does not lead to a permissible inference that the weapon, which was never identified nor recovered, was from the tool chest.

We reverse the court of appeals and order the case remanded to the trial court for that court to order a return to the writ of certiorari. On the return being received, the trial court must review the committee's record upon which it found Staples guilty of battery and ordered discipline.[3] As stated in *State v. Goulette*, 65 Wis. 2d 207, 215, 222 N.W.2d 622 (1974):

---

[3] The discipline imposed by the committee was that Staples was placed in a program of segregation status for 360 days, pursuant

"The well-settled rule in Wisconsin is that on review by certiorari the reviewing court is limited to determining: (1) Whether the board kept within its jurisdiction; (2) whether it acted according to law; (3) whether its action was arbitrary, oppressive or unreasonable and represented its will and not its judgment; and (4) whether the evidence was such that it might reasonably make the order or determination in question."

*See also: State ex rel. Ball v. McPhee,* 6 Wis. 2d 190, 199, 94 N.W.2d 711 (1959); *Stacy v. Ashland County Dept. of Public Welfare,* 39 Wis. 2d 595, 600, 159 N.W.2d 630 (1968);[4] *State ex rel. Johnson v. Cady,* 50 Wis. 2d 540, 550, 185 N.W.2d 306 (1971); *Reidinger v. Optometry Examining Board,* 81 Wis. 2d 292, 260 N.W.2d 270 (1977).

In order to sustain the committee's finding of guilty pursuant to HSS 303.86(4), Wis. Adm. Code, the record must show:

(1) That the statement of the unidentified witness was under oath; and

(2) That the committee made findings that requiring the witness to testify would pose a significant risk of bodily harm to the witness; and

(3) That the statement was corroborated as that term is defined in sub. (4) of the code section.

*By the Court.*—The decision of the court of appeals is reversed and the case is remanded to the trial court for further proceedings consistent with this opinion.

---

to HSS 303.84, Wis. Adm. Code, which states as maximum discipline for battery—eight days in adjustment segregation, 360 days program segregation and 20 days loss of good time.

[4] In *Stacy v. Ashland County Dept. of Public Welfare,* 39 Wis. 2d at 600, this court recognized the similarity of this review on certiorari to the review as provided in sec. 227.20, Stats.: "This scope of the review is substantially the same as that provided in sec. 227.20, for review under that chapter."