STATE of Wisconsin EX REL. William
STAPLES, Petitioner-Respondent,

v.

DEPARTMENT OF HEALTH & SOCIAL
SERVICES, Disciplinary Committee, Warren
Young, Appellants.

Court of Appeals

*No. 85–1442. Submitted on briefs January 8, 1986.—
Decided January 24, 1986.*
(Also reported in 384 N.W.2d 363.)

For the appellants the cause was submitted on the brief of *Steven F. Gruel* and *Lee, Johnson, Kilkelly & Nichol, S.C.* of Madison.

For the petitioner-respondent the cause was submitted on the brief of *William Staples,* pro se, of Waupun.

Before Gartzke, P.J., Dykman and Eich, JJ.

EICH, J.   The Department of Health and Social Services appeals from an order reversing a decision of the Waupun State Prison disciplinary committee. The committee found the respondent, William Staples, an

inmate at the institution, guilty of showing disrespect to a prison official. The sole issue is whether the violation was arbitrarily reclassified from a minor to a major offense. We answer the question in the affirmative and therefore affirm.

Staples received a conduct report citing him with violation of Wis. Adm. Code, sec. HSS 303.25, which penalizes any inmate who "overtly shows disrespect" to a prison official. The report was predicated upon allegations that Staples made derogatory remarks to a guard in the presence of other inmates.

The code differentiates between major and minor offenses. Major offenses are subject to more severe penalties than those classified as minor. Disrespect is a minor offense. A minor offense may be elevated to "major" status by the prison security director only upon consideration of the following criteria:

(a) Whether the inmate has previously been found guilty of the same or a similar offense, how often, and how recently;

(b) Whether the inmate has recently been warned about the same or similar conduct;

(c) Whether the alleged violation created a risk of serious disruption at the institution or in the community;

(d) Whether the alleged violation created a risk of serious injury to another person; and

(e) The value of the property involved, if the alleged violation was actual or attempted damage to property, misuse of property, possession of money, gambling, unauthorized transfer of property, soliciting staff or theft. Wis. Adm. Code, sec. HSS 303.68(3) (1980).

The director reclassified Staples' violation to a major offense. The reasons for the change, however, do not appear in the record. The committee found Staples guilty of the violation, and he received a "major" penalty: three days "adjustment segregation." The prison superintendent affirmed the committee's decision, and Staples sought review by certiorari. The trial court reversed, concluding that the absence of any articulated reason for elevating the offense violated Staples' rights to due process of law.

Prison disciplinary committee decisions are reviewable by certiorari, *State ex rel. Meeks v. Gagnon,* 95 Wis. 2d 115, 119, 289 N.W.2d 357, 361 (Ct. App. 1980), and one of the grounds for reversal is "arbitrary, oppressive or unreasonable" action by the committee. *State ex rel. Staples v. DHSS,* 115 Wis. 2d 363, 370, 340 N.W.2d 194, 197 (1983), quoting *State v. Goulette,* 65 Wis. 2d 207, 215, 222 N.W.2d 622, 626 (1974). Certiorari proceedings also look to whether the prisoner was afforded due process of law and whether the committee followed its own rules in processing the violation. *Meeks,* 95 Wis. 2d at 119, 289 N.W.2d at 361.

We have consistently held that the committee's failure to state the reasons underlying its decision and the penalty imposed in a disciplinary proceeding denies a prisoner the minimum guarantees of due process of law. *State ex rel. Irby v. Israel,* 95 Wis. 2d 697, 706–07, 291 N.W.2d 643, 647 (Ct. App. 1980). The same considerations apply to the security director's determination to elevate an offense from minor to major. Adjust-

ment segregation, a major penalty, represents a major change in the conditions of confinement, and the possibility of its imposition in a given case demands that the prisoner be afforded due process protections. *Id.* at 704, 291 N.W.2d at 646, citing *Wolff v. McDonnell,* 418 U.S. 539, 571 n.19 (1974). It follows that where a minor offense is upgraded to major status, there must be a statement in the record setting forth the reasons for the reclassification.[1]

The department argues that even though no such reasons appear of record, we can infer their existence from other facts. The argument is complicated and more than a bit tortuous. The department points to a statement in Staples' conduct report indicating that he had been warned in the past about "yelling and/or loud talking." It contends that this conduct is "similar" to the disrespectful conduct which forms the basis of the present charge and that elevation of the charge is thus proper under Wis. Adm. Code, sec. HSS 303.68(3)(b) (1980). The department also contends that because the report notes that Staples' statement to the guard caused inmates in the area to laugh "boisterously," we can also infer that his actions "created a risk of serious disruption at the [prison]" within the meaning of sec. HSS 303.68(3)(b) (1980). Since prior warnings for the same or similar conduct and creation of a risk of serious disruption constitute valid reasons for elevating the offense, and since, according to the department, we may "presume" that the security director read the conduct report before reclassifying the offense, we are urged to conclude that there is evidence in the record to support the reclassification and to affirm the committee's determination of guilt. We decline to draw inference upon

---

[1] In *Irby,* the court found no arbitrariness in a security director's decision to reclassify a violation from minor to major. The opinion

inference upon presumption in order to sustain the committee.

The determination to enhance the violation enhances the penalty as well, and we agree with the trial court that the implications of such a decision require that the underlying reasons be affirmatively stated in the record. The statement need not be lengthy or detailed. Enough must be said, however, to permit a reviewing court to determine why the decision was made.

■ By failing to state any reasons for reclassifying the offense, the institution, through its security director, denied Staples' right to the minimum protections guaranteed by the due process clause.

*By the Court.*—Order affirmed.

---

does not indicate whether any reasons were stated, and the court did not consider that issue. The court did state that the discretionary evaluation of whether a minor or major penalty will be imposed "must be left to correction personnel" and that "[w]e will honor that evaluation in the absence of clear evidence that discretion has been abused." *Id.* at 708, 291 N.W.2d at 648.

In this case, however, the institution's own rules required the security director to consider several specific criteria in making reclassification decisions. Wis. Adm. Code, sec. HSS 303.68(3) (1980). There is no evidence that the director considered those criteria, and his or her failure to exercise the discretion granted by the code constitutes abuse. *Reidinger v. Optometry Examining Board,* 81 Wis. 2d 292, 297–98, 260 N.W.2d 270, 273 (1977). *Irby* was decided before adoption of sec. HSS 303.68(3) (1980).