William **STAPLES**, David Jennings, Willie Ambrose, Eric Cotton, and Willie Dobson, Plaintiffs,

v.

Michael **TRAUT** and Warren Young, Defendants.

No. 85–C–264–C.

United States District Court, W.D. Wisconsin.

March 3, 1986.

William Staples, pro se.

David Jennings, pro se.

Willie Ambrose, pro se.

Eric Cotton, pro se.

Willie Dobson, pro se.

Sue Kanner, Madison, Wis., for defendants.

## ORDER

CRABB, Chief Judge.

This is a civil action for declaratory relief and money damages brought pursuant to 42 U.S.C. § 1983. Plaintiffs are inmates at the Waupun Correctional Institution. They contend that they were denied due process because they were found guilty of major conduct offenses by a disciplinary committee that included the acting supervisor of the inmate complaint system, and because the committee's findings of guilt were not supported by a written statement of reasons sufficient to allow a reviewing court to determine that the committee had not acted arbitrarily and unreasonably.

Additionally, plaintiff Staples contends that he was denied due process when he was charged in two conduct reports with minor violations that were upgraded to major offenses with no statement of reasons and when he was disciplined on the basis of a conduct report never issued to him.

The case is now before the court on the parties' cross-motions for summary judgment. From the findings of fact proposed by the parties and from the certified copies of the prison records relating to the conduct reports and disciplinary hearings at issue, I find that there is no genuine issue with respect to the following material facts.

## FACTS

At all times material to this action, plaintiffs were inmates at the Waupun Correctional Institution, defendant Young was the warden of the institution, and defendant Traut was the Supervisor of Social Services and the acting Supervisor of Inmate Affairs, which includes the advocate system and the inmate complaint review system.

On February 9, 1980, each of the plaintiffs was issued a conduct report alleging violations of various rules set out in the Wisconsin Administrative Code. All of the plaintiffs except Jennings were charged with violations of § HSS 303.24, disobeying orders; § HSS 303.19, participating in a riot; § HSS 303.28, disruptive conduct; and § HSS 303.35, damage or alteration of property. Plaintiff Jennings was charged only with violation of §§ HSS 303.19 and 303.35.

Defendant Traut sat on the disciplinary committee that heard the charges against each of the plaintiffs.

The report issued to plaintiff Staples included the following description of the incident upon which the charges were based.

On the above date and time Dr. Kuhn came to the exercise area gate and informed me that his class was cancelled and requested that I let him out. I allowed Dr. Kuhn and two inmates to exit the exercise area then stepped back into the exercise area sally port to inform the remaining inmates that the class was cancelled. I directed the inmates to step up to the exercise gate to be cuffed and informed them that they were returning to their cells. When they refused to step forward I called Inmate Staples by his name, he still refused, I then ordered Inmate Staples to step up to the gate to be cuffed and again he refused. Officer Grams had opened gate No. 30 to allow the inmates to enter the sally port and be cuffed. Inmate Staples had refused to be cuffed. He then participated in the group yelling, kicking, and hammering on Northwest door and breaking the cameras.

Plaintiff Staples was provided a hearing before a three person committee. He requested and was granted permission to call inmate Kenneth Bowie as a witness at the hearing, but was not permitted to call Dr. Kuhn, because Kuhn had submitted a written statement to the committee. At the hearing, plaintiff was represented by an advocate and was permitted to make a statement in his own behalf.

In its report, the committee summarized plaintiff Staples's statement and that of his advocate Anderson, and attached Kuhn's written statement. (Inmate Bowie refused to testify.) Plaintiff Staples was reported to have said he was not guilty and also, "I'm not saying [complainant] Krueger didn't give a direct order. I did not hear it. I could not have gone out anyway because the door was tied open." Krueger was reported to have said,

The conduct report reads participating in a riot. I don't remember. The music was loud enough. I gave you all a direct order to come up and be cuffed. I told them to come out one at a time to be cuffed. I didn't know grill door 30 was tied open. People were instructed to untie the door.

The committee found plaintiff Staples guilty on all charges except disruptive conduct, which it found to be a redundant charge. The reasons given for the findings of guilt were as follows:

§ HSS 303.24:

The committee finds guilt in that Inmate Staples was ordered to step up to gate to be cuffed. He refused.

§ HSS 303.19:

Inmate recklessly remained in a group which was ordered to disperse.

§ HSS 303.35:

He participated in the group that destroyed the TV camera and hammered the northwest door.

Plaintiff Ambrose was found guilty of all charges against him, except the redundant charge of disruptive conduct, for the stated reason that

Both officers' and accused inmates' comments indicate or confirm that inmates did disobey orders and did participate in a riot. Property was damaged by the participating inmates.

Plaintiff Jennings was found guilty of both of the charges against him for the stated reason that

Preponderance of evidence plus eye witness observation by officer indicates inmate's guilt.

Plaintiff Dobson was found guilty of all charges except the redundant one of disruptive conduct. The disciplinary committee gave the following reason for its decision:

§§ HSS 303.24 and 303.19

The preponderance of evidence indicates the inmate's guilt beyond a reasonable doubt. Inmate was order[ed] to step up to gate to be cuffed. He refused. Inmate recklessly remained in a group which was ordered to disperse.

§ HSS 303.35:

He participated in the destruction of TV camera and hammering the northwest door.

Plaintiff Cotton was found guilty of all the charges except the redundant one of disruptive conduct, for the following reason:

§ HSS 303.24:

The committee finds guilt in that Inmate Cotton was ordered to step up to gate to be cuffed. He refused.

§ HSS 303.19

Inmate recklessly remained in a group which was ordered to disperse.

§ HSS 303.35

He participated in the destruction of TV camera and hammering the northwest door.

On two other occasions, plaintiff Staples was issued conduct reports numbered 134153 and 145693. Report # 134153 charged plaintiff Staples with disobeying orders in violation of § HSS 303.24 and damage or alteration of property in violation of § HSS 303.35, arising out of an incident at 8:45 a.m. on February 8, 1985, in which plaintiff was alleged to have torn off a piece of a blanket and attached a shower slipper to the end of the blanket and to have refused to turn over the blanket when ordered to do so. Report # 145693 charged plaintiff Staples with disobeying orders in violation of § HSS 303.24 and with threats in violation of § HSS 303.16, arising out of an incident on January 31, 1985, in which plaintiff was alleged to have refused to move from the strip cell to his own cell or to put out his hands to be handcuffed.

The violations in both reports were set for major hearing process with the notation on # 134153, "Proceed 303.68" and a notation on # 145693, "Proceed." Both notations appear to have been signed by Randall Kahelski.

Included in plaintiff Staples's institution file with conduct report # 134153 is a report of a disciplinary committee hearing on conduct report # 122175 (196). Plaintiff Staples never received a conduct report numbered 122175 (196); in fact, # 122175 (196) is the number of a report issued to an inmate Davis. The notation on the disciplinary committee report showing that the hearing was held on report # 122175 (196), rather than on report # 134153 was a clerical error.

As acting Supervisor of Inmate Affairs, defendant Traut's role was an administrative one of preparing the payroll and performing general supervisory duties.

At all times relevant to this lawsuit, Wisconsin Administrative Code § 303.68(3) (1980) was in effect.

## OPINION

Plaintiffs' first claim is that the inclusion of defendant Traut on the disciplinary committee violated their due process rights to an impartial decisionmaker. They allege that as acting supervisor of inmate affairs, defendant Traut had a financial interest in

the advocate and complaint systems and that his job description included the conduct of investigations of inmate complaints and the screening of such complaints. Plaintiffs do not allege that defendant Traut investigated the charges against them, or participated in the bringing of those charges, or even that he was responsible for the assignment of their advocates. They have not submitted any documentary material to support their allegation that defendant Traut had a financial interest in the advocate or complaint system or suggest how that would tend to disqualify him in the unlikely event that he did have such an interest.

■ Under the United States Constitution, plaintiffs are entitled to a fair, impartial decisionmaker who has had no direct personal involvement in the incident that is the subject of the hearing. *Wolff v.*

*McDonnell,* 418 U.S. 539, 592, 94 S.Ct. 2963, 2992, 41 L.Ed.2d 935 (1974). (This same right is codified in the Wisconsin regulations. *See* Wis.Admin.Code § HSS 303.-82 (1980).) Plaintiffs have not established that defendant Traut had any prior involvement in the incident at issue or that there was any other reason to believe he would not be fair and impartial, and therefore, they are not entitled to summary judgment on this issue. On the other hand, defendant Traut has not established that he was *not* involved personally and directly in any aspect of the charges against plaintiffs, and therefore, I cannot grant summary judgment in his favor on this issue.[1]

■ Plaintiffs' second claim is that the disciplinary committee's reports do not contain written reasons for the findings of guilt that comport with the constitutional requirement that such reasons be sufficient

---

1. Defendants assert in their brief the following:

   As acting Supervisor of Inmate Affairs, respondent Traut had only a limited involvement in the advocate system. Contrary to petitioners' allegations (see Complaint ¶ 6), as acting supervisor respondent Traut does not assign staff advocates to cases, does not address or answer inmate requests for changes in staff advocates, does not train advocates, and has not "screened" or assigned staff advocates on conduct reports or at disciplinary hearings on which he has sat. Affidavit of Traut, ¶¶ 2, 3 and 4; Answers to Plaintiffs' First Set of Interrogatories, Nos. 3, 4 and 10.

   Similarly, respondent Traut's role as acting supervisor in the inmate complaint system also does not create sufficient involvement in the inmate complaint system as would necessitate disqualification. Contrary to petitioners' allegations (See Complaint 26), respondent Traut does not do the initial screening of an inmate's complaint, issue a complaint number and does not assign an Inmate Complaint Investigator (ICI) to the file. Nor does respondent Traut see complaints about improper procedure at hearings on which he sat until the complaint has been investigated and the ICI has made a recommendation. Affidavit of Traut, ¶ 6; Answers to Plaintiffs' First Set of Interrogatories, Nos. 6 and 7; Affidavit of Traut, ¶ 5; Answer to Plaintiffs' First Set of Interrogatories, # 5.

   In addition, though a function of the Supervisor is the responsibility for the investigation of inmate complaints, respondent Traut as acting Supervisor did not participate in the investigation or recommendation of a complaint that concerned a disciplinary committee he had sat on. Affidavit of Traut ¶ 8;

Answer to Plaintiffs' First Set of Interrogatories, # 8.

   In fact, as acting Supervisor, respondent Traut was not a part of the advocate system nor the inmate complaint system. Affidavit of Traut, ¶ 9. As acting Supervisor, respondent Traut's role in the advocate system was administrative and consisted of payroll duties and general supervision (timeliness, hours of work, sick leave, vacations, and seeing that required work is done). Affidavit of Traut, ¶ 10. Respondent Traut makes no decisions on what actions are to be taken on an inmate complaint. Affidavit of Traut, ¶ 7. Rather, all decisions are made by the Superintendent pursuant to Wis.Admin.Code § HSS 310.27(5).

However, in their proposed findings of fact, defendants proposed only the following:

   That as acting Supervisor of Inmate Affairs, Michael Traut was not a part of the advocate system or the inmate complaint system. Affidavit of Traut, ¶ 9.

   That as acting Supervisor of Inmate Affairs, Michael Traut's role in the advocate system and inmate complaint system was merely administrative, consisting of payroll and general supervision of a limited nature. Affidavit of Traut, ¶¶ 2, 3, 4, 5, 6, 7, 8, and 10.

I have confined my findings to those proposed by the defendants in conformance with the court's guidelines on motions for summary judgment. Even if I were to find as fact all of the assertions set out in defendants' brief (which plaintiffs have not had an opportunity to controvert), I could not find that defendant Traut had had no prior involvement in the incident that was the subject of the disciplinary hearings provided these plaintiffs. Defendant Traut has not addressed himself to that precise point.

to enable a reviewing court to determine that the committee did not act arbitrarily. *Wolff v. McDonnell,* 418 U.S. at 564–65, 94 S.Ct. at 2978–79.

> [T]he provision for a written record [of the disciplinary decision] helps to insure that administrators, faced with possible scrutiny by state officials and the public, and perhaps even the courts, where fundamental constitutional rights may have been abridged, will act fairly.

*Id.* at 565, 94 S.Ct. at 2979. The Court of Appeals for the Seventh Circuit has fleshed out the minimum requirements of a statement of reasons for disciplinary action. Such a statement is inadequate if it simply incorporates the violation report and the special investigator's report, *see United States v. Warden, Stateville Correctional Center,* 635 F.2d 656, 659 (7th Cir.1980), or fails to mention what evidence is relied upon, or why the testimony of one witness is to be believed over that of another, *Chavis v. Rowe,* 643 F.2d 1281, 1287 (7th Cir.), *cert. denied, sub nom Boles v. Chavis,* 454 U.S. 907, 102 S.Ct. 415, 70 L.Ed.2d 225 (1981). Some leeway is permissible. For example, in *Redding v. Fairman,* 717 F.2d 1105, 1115 (7th Cir.1983), the court of appeals found a report sufficient where it noted as its reason, "resident's testimony given" and there was no conflict between the disciplinary report and the testimony at the committee hearing so that it could be assumed that the committee relied on the plaintiff's own testimony to find him guilty. In an opinion entered in *Saenz v. Young,* 85–C–554–C (W.D.Wis. entered Jan. 28, 1986) [Available on WESTLAW, 1986 WL 15948], where the record included full reports of disciplinary committee hearings, including summaries of the testimony of all witnesses, I upheld the sufficiency of "meagre" written reasons in three different disciplinary committee reports involving inmate Saenz. In one instance, plaintiff had admitted the offense; in a second instance, it was possible to determine from the full report that the disciplinary committee had the "modicum of evidence" necessary to sustain its decision, *see Superintendent, Massachusetts Correctional In-* *stitution at Walpole v. Hill,* 472 U.S. 445, 105 S.Ct. 2768, 2774, 86 L.Ed.2d 356 (1985), so that it was clear the committee had not acted arbitrarily; and in a third instance, I found it was clear that the committee had drawn the inference that the officer's testimony was more credible than plaintiff's, and equally clear that such an inference was reasonable. In this case, however, the disciplinary committee reports at issue are not sufficient to support the decisions made, even when the statements of reasons are read in the context of the full report and all reasonable inferences that might support the decisions are drawn from the record of the hearing.

### 1. Plaintiff William Staples

█ The disciplinary committee report on plaintiff Staples contains no evidence concerning plaintiff's participation in the destruction of the TV camera and hammering of the northwest door; it does not state why the committee found that plaintiff Staples had disobeyed a direct order, when there was evidence from both plaintiff Staples and Dr. Kuhn that the music was loud; and it does not indicate the bases for its finding that plaintiff Staples participated in a riot. From the slight amount of evidence referred to in the report and the controversies over that evidence, the conclusion is inescapable that the committee simply based its findings on the allegations in the conduct report without considering the evidence adduced at the hearing. Because the statement of reasons fails to give a reviewing court evidence that the disciplinary committee acted fairly, it is constitutionally inadequate. On this claim, plaintiffs are entitled to partial summary judgment in their favor.

Defendants suggest that if the committee's statements of reasons are found to be inadequate, the matter should be remanded to the disciplinary committee with instructions to set forth constitutionally adequate statements of reasons. I see no purpose in doing so. Plaintiffs' claim in this lawsuit is for compensatory and punitive damages; they have no claim for restoration of good

time.[2] At trial, defendants will have an opportunity to introduce evidence that plaintiffs would have been properly subjected to discipline even if their rights had not been violated. *See Carey v. Piphus,* 435 U.S. 247, 261 n. 16, 98 S.Ct. 1042, 1051 n. 161, 55 L.Ed.2d 252 (1978); *Redding v. Fairman,* 717 F.2d at 1118.

### 2. Plaintiff Willie Ambrose

■ With respect to plaintiff Ambrose, the committee's reason for its decision is: "Both officer's and accused inmate's comments indicate or confirm that inmate did disobey orders and did participate in a riot." However, plaintiff Ambrose admitted only that he did hear the officer give an order, while denying that he heard his own name called; he said nothing about his participation in the riot or having damaged any property. Thus, it is possible that the committee could be held to have sufficient evidence to support its finding that plaintiff Ambrose was guilty of disobeying an order that he heard given, even if he could not have heard his own name, *see, e.g., Redding v. Fairman,* 717 F.2d at 1115, ("Because there was no conflict between the resident disciplinary report and testimony at the committee hearing, it can be assumed that the committee relied on plaintiff Jones' own testimony to find him guilty."). However, the committee cannot be held to have given a sufficient reason for its findings that plaintiff Ambrose participated in a riot or damaged property and there is nothing in the record from which the basis for these findings may be discerned.

I conclude that plaintiff Ambrose's constitutional right to due process was violated by the disciplinary committee's failure to state constitutionally adequate reasons for its findings of guilt on two of the three violations for which he was found guilty and subjected to discipline. Therefore, plaintiffs are entitled to partial summary judgment on this claim.

### 3. Plaintiff David Jennings

■ The disciplinary committee report on this plaintiff is constitutionally inadequate as well. The committee gives its reason as, "Preponderance of evidence plus eye witness observation by officer indicates inmate's guilt," but does not explain what evidence it found credible or why. *See Redding v. Fairman,* 717 F.2d at 1115 (holding inadequate report in which "[n]o reasons are given for discounting the inmates' contradictory evidence.") The source for the eye witness observation referred to is not apparent in the report. Therefore, I conclude that plaintiffs are entitled to partial summary judgment on this claim.

### 4. Plaintiff Willie Dobson

■ Again, the disciplinary committee states that the reason for its decision is the preponderance of evidence, without explaining what that evidence was or how it made that determination. Only the complainant testified that the conduct report was true and he did not explain the basis for the report. Thus, I conclude that the reason stated for finding plaintiff Dobson guilty of the charges in the conduct report is constitutionally inadequate and that plaintiffs are entitled to partial summary judgment on this claim.

### 5. Plaintiff Eric Cotton

The disciplinary committee report on this plaintiff presents special difficulties, because defendants did not submit the full report. What they did submit is inadequate to suggest that the record would support the committee's decision despite the inadequacy of its statement of reasons. Therefore, I conclude that the reasons given by the committee for its decision as to this plaintiff are constitutionally inadequate and that plaintiffs are entitled to partial summary judgment on this claim.

### 6. Plaintiff William Staples's claims concerning Feb. 8, 1985 incident

Plaintiff Staples challenges the constitutionality of the conduct report based on

---

**2.** In the order entered herein on July 15, 1985, I dismissed plaintiffs' claims for restoration of good time as properly brought only in a petition for a writ of habeas corpus.

alleged violations of regulations on February 8, 1985 on two grounds: (1) that he was issued conduct report # 134153 and was tried on # 122176(196); and (2) that the violations listed in the report were elevated improperly to major offenses, without consideration of the criteria for elevation.

Plaintiff Staples's first challenge is unpersuasive. The summary of his testimony in the disciplinary committee report makes it clear that plaintiff Staples was directing his remarks to charges contained in report # 134153, as does the fact that the charges on which he was found guilty are identical to those set out in report # 134153.[3] However, his second challenge has substantial force.

■ The question is whether plaintiff has a liberty interest in not having a charge against him elevated from a minor offense to a major offense. As a general rule, liberty interests sufficient to trigger the protections of the due process clause must be found either in the Constitution or in state law. The search is for mutually explicit understandings that support an individual's "legitimate claim of entitlement" to a benefit. *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972).

The source of plaintiff Staples's claimed liberty interest is Wis.Admin.Code § HSS 303.68(3) (1980), which provides that

(3) An alleged violation of any section other than those identified as major in sub. (2) of this section may be treated as either a major or minor offense. The security director shall decide whether it should be prosecuted as a major or minor offense, if the offense has not been disposed of summarily in accordance with HSS 303.74. To determine whether an alleged violation should be treated as a major or minor offense, the following criteria should be considered:

(a) Whether the inmate has previously been found guilty of the same or a similar offense, how often, and how recently;

(b) Whether the inmate has recently been warned about the same or similar conduct;

(c) Whether the alleged violation created a risk of serious disruption at the institution or in the community;

(d) Whether the alleged violation created a risk of serious injury to another person; and

(e) The value of the property involved, if the alleged violation was actual or attempted damage to property, misuse of property, possession of money, gambling, unauthorized transfer of property, soliciting staff or theft.[4]

In determining whether this regulation expresses a mutually explicit understanding that supports plaintiff's "legitimate claim of entitlement" to not having his violation treated as major without a finding that it is justified by the criteria, it is significant that the Wisconsin courts view it as such. *See, e.g., State ex rel. Staples v. Department of Health and Social Services*, 128 Wis.2d 531, 384 N.W.2d 363 (Ct.App.1986):

We have consistently held that the committee's failure to state the reasons underlying its decision and the penalty imposed in a disciplinary proceeding denies a prisoner the minimum guarantees of due process of law. *State ex rel. Irby v. Israel*, 95 Wis.2d 697, 706–07, 291 N.W.2d 643, 647 (Ct.App.1980). The same considerations apply to the security director's determination to elevate an offense from minor to major. Adjustment segregation, a major penalty, represents a major change in the conditions of confinement, and the possibility of its imposition in a given case demands that the

---

3. For example, conduct report # 134153 gives 8:45 p.m. as the time of the alleged offense and the report of the hearing summarizes plaintiff Staples as saying, "Not guilty. It was written at 8:45 p.m. I did not commit this infraction at 8:45 p.m."

4. State administrative regulations may give rise to a cognizable liberty or property interest. *See Shango v. Jurich*, 681 F.2d 1091, 1099 (7th Cir. 1982): "We reject the view that state administrative pronouncements are in some juridical sense so inferior to statutory or judicial sources of legal rules that they are not worthy of constitutional recognition."

prisoner be afforded due process protections. *Id.* at 704, 291 N.W.2d at 646, citing *Wolff v. McDonnell,* 418 U.S. 539, 571 n. 19 [94 S.Ct. 2963, 2982 n. 19, 41 L.Ed.2d 935] (1974).

384 N.W.2d at 364–365. A decision by the security director to upgrade a violation is reviewable by certiorari by the state courts on an arbitrary and unreasonable standard. *Id.* This is persuasive evidence that Wis. Admin.Code § HSS 303.68(3) (1980) creates a liberty interest. I conclude that it does. This is not the end of the inquiry, however. The second question is the extent of procedural protections which attach to the inmate's interest in having the security director consider the applicable criteria before classifying the inmate's offense as major.

Although the existence of a liberty or property interest may be ascertained by reference to state law, once such an interest is identified, the task of defining the procedural protections which attach to that interest is wholly a matter of federal constitutional law and is accomplished through application of the balancing analysis of *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

*Shango v. Jurich,* 681 F.2d at 1097–98.

■ A right to a reasoned decision is illusory unless the decision can be reviewed. The Wisconsin state courts require an explicit statement in the record explaining a decision to treat a violation as major:

It follows that where a minor offense is upgraded to major status, there must be a statement in the record setting forth the reasons for the reclassification as required by Wis Adm.Code, sec. HSS 303.68(4).[5]

*State ex rel. Staples v. Dept. of Health and Social Services,* 384 N.W.2d at 365.

In my opinion, federal law requires at a minimum that the reason for the decision be evident from the face of the report, if it is not articulated by the security director. In *Saenz v. Young,* 85–C–554–C, I held that plaintiff Saenz's right to due process was not violated in a situation in which the security director wrote only, "Proceed 303.-68C," where it was clear from the face of the report that the misconduct charged met the criteria of § HSS 303.68(3)(c), that is, it created a risk of serious disruption at the institution. Here, however, the conduct report does not contain a specific reference to any subsection of § HSS 303.68(3) and nothing on the face of the report indicates why the offenses are being upgraded. I conclude that the lack of such a showing violates plaintiff Staples's right to due process under the United States Constitution, and that he is entitled to partial summary judgment in his favor on this claim.

*7. Plaintiff Staples's claim concerning Jan. 31, 1985 incident*

Plaintiff Staples challenges the constitutionality of the conduct report issued to him for alleged violations of regulations on January 31, 1985. Again, the report contains no explanation for the upgrading of the violations to major offenses and no reason is discernible from the face of the report. Therefore, I conclude that plaintiff Staples is entitled to partial summary judgment on this claim also.

## ORDER

IT IS ORDERED that

1) the plaintiffs' and defendants' motions for summary judgment on the question of defendant Traut's participation as a member of the disciplinary committee hearing plaintiffs' February 9, 1985 conduct reports are DENIED;

5. Wis.Admin.Code § HSS 303.68 was revised, effective April, 1985. A new subsection (3) was added, which provides that except for offenses classified specifically as major, an offense is neither major nor minor until the security director classifies it; and old subsection (3) was renumbered (4) and the last sentence was revised to make it explicit that the security director set forth his reason for upgrading an offense.

In deciding whether an alleged violation should be treated as a major or minor offense, the security director shall consider the following criteria and shall indicate in the record of disciplinary action the reason for the decision based on these criteria....

2) plaintiffs' motion for partial summary judgment on the question of the adequacy of the statement of reasons given for the findings of guilt on the February 9, 1985 conduct reports is GRANTED; defendants' motion for summary judgment on this question is DENIED;

3) plaintiffs' motion for partial summary judgment on plaintiff Staples's claim that he was not given a disciplinary hearing on conduct report #134153 is DENIED, and defendants' motion for summary judgment on this claim is GRANTED;

4) plaintiffs' motion for partial summary judgment on plaintiff Staples's claim that the offenses with which he was charged in conduct reports #134153 and #145693 were upgraded improperly is GRANTED; and defendants' motion for summary judgment on this claim is DENIED.

The Clerk of Court is requested to set this case for a preliminary pretrial conference in early April, 1986.