ODAU, Respondent, vs. PERSONNEL· BOARD, Appellant.

*May 13—June 10, 1947.*

602

For the appellant there were briefs by the *Attorney General, Stewart G. Honeck,* deputy attorney general, and *Beatrice Lampert,* assistant attorney general, and oral argument by *Mrs. Lampert.*

For the respondent there was a brief by *Rieser & Mathys* of Madison, and *Howard W. Eslien* of Oconto Falls, and oral argument by *Clifford G. Mathys.*

FAIRCHILD, J. Under the civil-service act one who has been reduced in position by his appointing officer, within the authority conferred upon such officer, and the demotion being for cause and put into actual effect, has a right to appeal to the Personnel Board. His failure to make such an appeal within ten days after the effective date is a waiver of his remedy.

There are certain fundamental principles embodied in the civil-service law of this state which must control in the consideration of this case. There is, first of all, the basic idea that the law is intended to provide the state with efficient service. To encourage capable people to enter the civil service, tenure is to a considerable degree assured. Continued efficiency is sought to be stimulated by provisions for advancement and the protection of competent and faithful employees. There are provisions for demotion of those whose work does not meet the standards set for the particular classifications in question.

In the second place, the civil-service law contemplates that appointments, promotions, demotions, and discharges are to be made, not by the director or Bureau of Personnel, but by the appointing officer of the office, department, commission, board, or institution which is concerned with the position in question. This appears from the several pertinent sections of the statutes. Sec. 16.25 provides in part as follows:

*"Appointing officers to report appointments, promotions, reductions, separations, efficiency, etc., standards of performance; service ratings.* (1) Each appointing officer shall report to the director forthwith in writing upon any appointment or employment in the classified service, the name of the appointee, or employee, the title and character of his office or employment, the date of commencement of service by virtue thereof, and the salary or compensation thereof, and shall report from time to time, and, upon the date of the official action, in, or knowledge of each case, any separation of a person from the service or any promotion, reduction, transfer, reinstatement, or other change therein, the efficiency of his subordinates and employees and other information, in such manner as may be prescribed."

Sec. 16.22, Stats., provides in part:

"(1) All original appointments to the competitive division of the classified service shall be for a probationary period of six months, but dismissal may be made at any time during such period. Upon such dismissal, *the appointing authority* shall forthwith report to the director and to the employee removed his action and the reason therefor. . . .

"(2) . . . *the appointing authority* shall notify the director in writing whether or not the services of the employee have been satisfactory and whether or not he will continue the employee in his position. A copy of such notice shall be given to the employee." (Italics ours.)

Sec. 16.24 (1) (a), Stats., set forth in the statement of facts, brings forward this rule that it is the action of the appointing officer that determines the employee's position, and not the action of the Personnel Board or its director. These latter officers have the duty of classification and the power of review. For the protection of employees against unjust treatment by appointing officers, provision is made in sec. 16.24 (1) (a) for appeal by the employee to the Personnel Board within ten days after the effective date of the action of such officer.

A third requirement of the civil-service law relates to classification but does not control demotions by appointing officers.

Certain positions within the service are to be classified and it is the function, not of the appointing officer, but of the director of personnel and the Personnel Board to determine those classifications. Sec. 16.105, Stats., so provides: "(1) The director, with advice and approval of the personnel board, shall ascertain and record the duties and responsibilities of, and establish grades and classes for, all positions to which this chapter applies."

To facilitate the execution of sec. 16.105, Stats., Rule V of the civil-service rules, in effect in 1944, provided as follows, in paragraph 2:

"After the adoption of the classification plan, and after consultation with appointing authorities, the director shall allocate each position in the classified service to the appropriate class therein on the basis of its duties, authority and responsibilities. He shall likewise reallocate positions from class to class whenever such action may be found to be warranted. Any employee or appointing authority affected by any such allocation or reallocation shall be given written notice thereof, and upon written request, shall be entitled to an appeal from such action to the personnel board. Any such appeal shall be made within thirty days from the date of notification of such action."

With these three principles and sec. 16.24 (1) (a), Stats., in mind, it is clear that the Personnel Board was correct in its decision to dismiss Odau's appeal. His appeal of April 28, 1944, was not from the order of his demotion and certainly did not raise the question of the justice of the demotion. To raise that question he should have appealed to the board within ten days of the effective date of his demotion, which was April 1, 1944. This is not a case where an employee's position remained unchanged and was reclassified by action of the director and board of personnel. If it were, he could question the merits of that reclassification. Here the employee's position itself was changed. He was demoted. His second position carried with it a different classification and a

smaller salary than that of his first position. Accordingly, when he was demoted his classification was changed. He cannot by appealing within thirty days from the formal notice of his reclassification, raise the question of the justice of his demotion, when the statute provides that appeals from discharges and demotions must be made within ten days.

But it is contended on Odau's behalf that the notice sent to him on March 30, 1944, by his appointing officer was not effective as a demotion because the copy of the appointing officer's reasons for demoting Odau was delivered to the Personnel Board in the morning of the day the demotion was to take effect instead of prior to that date. While it is clear that the notice to the Personnel Board ought to have been sent more promptly to comply with the letter of the statute (sec. 16.24 (1) (a) ), it cannot be said that Odau's rights were affected by the delay. The purpose of requiring a prompt filing of reasons for discharge or reduction in position is to have the Personnel Board advised of the act. The statute does not say that the action of the appointing officer is ineffective if the notice does not reach the Personnel Board prior to the date designated by the appointing officer as the effective date of his action. An employee does not need to know when his appointing officer filed the reasons in order to protect his rights to a ten-day period in which to appeal. The direction to file the reasons for demotion with the Personnel Board is a requirement placed upon the appointing officer as distinguished from any duty or right affecting the demoted employee. The direction to the appointing officer in this respect is not mandatory. It is said in *State ex rel. Ikeler v. Koszewski* (1943), 243 Wis. 483, 487, 11 N. W. (2d) 176:

"There is no provision or express declaration in sec. 59.365, Stats., that there shall be a vacancy if such an appointment is not so filed or recorded. Consequently, in the absence of such an express declaration, there is applicable the rule that,—

" 'In the absence of such express declaration the requirements of the statutes in such cases are generally construed to be directory merely and not mandatory. Mechem, Pub. Off. secs. 262, 266; 23 Am. & Eng. Ency. of Law (2d ed.), 357. . . .' "

The appointing officer's failure to perform adequately would raise questions concerning only himself. The time limit fixed by statute within which the demoted employee may appeal is separate and distinct from the direction to the appointing officer to file his reasons for demoting the employee. The failure on the part of one no way affects the duty of the other. In this case there clearly was substantial conformance with the statute. The notice reached the Personnel Board eleven minutes after the office opened on the day the demotion was to take effect. The demotion cannot be said to be ineffective and void simply because the notice thereof did not officially reach the Personnel Board earlier.

It is further contended on behalf of Odau that the reason given to him in the notice from the Personnel Board of his reclassification was invalid. That notice mentioned the return of Hadland from military service, rather than Odau's failure to handle the job effectively, as the reason for Odau's transfer to conservation warden I. As a matter of fact, Hadland had returned to service with the conservation department about seven months earlier. Whatever may have been the reason for the reference to Hadland's return, instead of to Odau's inefficiency, in the Personnel Board's notice of reclassification, it is clear from the record that Odau knew why his position was changed. He had received the notice from his appointing officer setting forth the reasons as required by statute. He knew, too, that that change in position carried with it a change in classification. To hold that the subsequent notice of reclassification in effect extended the time to appeal from the demotion because of the reason stated on the form with relation to the new position, would be to override the stat-

ute regulating the appeal from a demotion made by an appointing officer. This would not be within the letter or theory or principles of the civil-service law.

We therefore conclude that the findings, conclusions, and decision of the Personnel Board were correct and that the decision of the circuit court must be reversed.

*By the Court.*—Judgment reversed. Cause remanded with directions to affirm the order of the Personnel Board.