Andrew W. BASINAS, Appellant-Petitioner,

v.

STATE of Wisconsin (Personnel Commission) and
Department of Health & Social Services, Respondents.

Supreme Court

*No. 79-1552. Argued October 5, 1981.—Decided December 1, 1981.*

(Also reported in 312 N.W.2d 483.)

For the petitioner there were briefs (in court of appeals) by *Richard V. Graylow* and *Lawton & Cates* of Madison, and oral argument by *Mr. Graylow*.

For the respondents the cause was argued by *Robert J. Vergeront,* assistant attorney general, with whom on the brief (in court of appeals) were *Bronson C. La Follette,* attorney general, and *George B. Schwahn,* assistant attorney general.

DAY, J. The issue in this case is whether the State Personnel Commission (commission) has jurisdiction under sec. 230.44(1)(c), Stats. 1977, and PERS 30.10, Wis. Adm. Code (1975), over an appeal by a state of Wisconsin career executive employee from a reassignment to a job in a lower pay range when the appeal alleged that the reassignment was for "disciplinary purposes" and constituted an "improper and unreasonable exercise" of the appointing authority's discretion. We hold that the commission does have jurisdiction and reverse and remand the case to the commission for a hearing on the merits of the appeal.

Petitioner Basinas is a classified state employee who is a member of the career executive program. Effective June 5, 1977, he was reassigned from his position as director, bureau of institutions, division of corrections, department of health and social services, to the position of superintendent of Oak Hill correctional institution,

which was one pay range lower than his former job, and was one which he supervised in his former job as director of bureau of institutions. While the reassignment did not involve a pay cut, it had a lower pay maximum than did Basinas's former job, limiting his potential salary advancement.

Basinas appealed this reassignment to the State Personnel Board (board) on June 9, 1977. In a decision dated June 16, 1978, the board ordered him reinstated because the letter reassigning him to Oak Hill had not set forth the reasons for the reassignment, as required by sec. PERS 30.07(2), Wis. Adm. Code (1975). (All administrative code references will be to the 1975 rules, unless otherwise noted.) Following that decision, Basinas was reinstated as director of bureau of institutions by a letter dated July 12, 1978, but was simultaneously again reassigned to Oak Hill. The letter also informed Basinas of the reasons for the reassignment.

Effective February 16, 1978, the functions of the board were split between a reconstituted board and a new commission.[1] Basinas appealed his second reassignment to the new commission by letter dated August 10, 1978. The letter read, in pertinent part:

" 'This letter constitutes my formal appeal and challenge to the actions taken by Allyn Sielaff, Administrator of the Division of Corrections, Department of Health and Social Services, as described in his letter of July 12, 1978 (see attachment). His decision to reinstate me to my former position of Director of the Bureau of Institutions, and simultaneously re-effectuate my reassignment to the position of Superintendent 2 at Oakhill Correctional Institution, I believe, is in violation of and contrary to the recent order of the State Personnel Board and is an

---

[1] This change was implemented by ch. 196, secs. 29, 30, 121, 122, Laws of 1977. The board had retained jurisdiction over Basinas's first appeal pursuant to ch. 196, sec. 129(7), Laws of 1977, which declared that the board should retain jurisdiction over appeals filed with it prior to the effective date of ch. 196, Laws of 1977.

unreasonable and improper exercise of the appointing authority's discretion and, in fact, was taken for disciplinary reasons rather than to utilize my abilities in the best interests of the Division. In addition, this action is illegal for a host of other reasons.'"

The commission dismissed the appeal, holding that it did not have subject matter jurisdiction to hear it. Basinas appealed this decision to the Dane county circuit court, which upheld the commission's determination that it lacked jurisdiction over the appeal. The court of appeals upheld the circuit court decision.[2]

The commission's jurisdiction is set forth in secs. 230.44 and 230.45, Stats. 1977. Basinas argues that the commission has jurisdiction over his appeal by virtue of secs. 230.44(1)(c) and 230.45(1)(a), Stats., which read:

"230.44 **Appeal procedures.** (1) APPEALABLE ACTIONS AND STEPS. . . . (c) *Demotion, layoff, suspension or discharge.* If an employe has permanent status in class, the employe may appeal a demotion, layoff, suspension, discharge or reduction in pay to the commission, if the appeal alleges that the decision was not based on just cause."

"230.45 **Powers and duties of personnel commission.** (1) The commission shall:

"(a) Conduct hearings on appeals under s. 230.44."

If Basinas were not a participant in the career executive program, there would be no question regarding the commission's jurisdiction over his appeal, since move-

---

[2] Basinas also appealed the reassignment to the personnel board. On February 17, 1979, the board declared in a letter to Basinas's attorney that it would not investigate Basinas's appeal and was closing its file. Basinas appealed this decision to the Dane county circuit court, which refused to review the board's action, declaring that it was not a final decision as defined by sec. 227.15, Stats. 1977, and therefore not subject to judicial review. Basinas did not appeal that decision and the issue of whether the board had jurisdiction over his appeal is not before us in this case.

ment to a position offering a lower maximum pay scale is defined as a demotion pursuant to sec. PERS 17.01, Wis. Adm. Code (1976).[3] However, participants in the career executive program have different rights and benefits than other state employees. One such difference is the right to appeal an adverse job action to the commission.

The career executive program was provided for in sec. 16.19, Stats. 1975. That section authorized the director of the bureau of personnel, department of administration (director), to develop rules governing such a program.[4]

Pursuant to this authority, the director promulgated ch. PERS 30, Wis. Adm. Code (1975), to govern the career executive program.[5] Secs. PERS 30.07 and 30.10, pertain to reassignment of career executive employees and appeal rights of reassigned employees.

---

[3] "PERS 17.01 **Definition.** A demotion is the movement of an employee with permanent status in one class to a position in another class that has a lower single rate or pay range maximum."

*See also, Odau v. Personnel Board*, 250 Wis. 600, 606, 27 N.W. 2d 726 (1946); "Demotion," *Black's Law Dictionary*, 519 (4th ed. 1951).

[4] "16.19 **Career executive selection.** The director may by rule develop a career executive program that emphasizes excellence in administrative skills in order to provide state departments with a pool of highly qualified executive candidates, to provide outstanding administrative employes a broad opportunity for career advancement and to provide for the mobility of such employes among the departments and units of state government for the most advantageous use of their managerial and administrative skills. To accomplish the purpose of this program, the director may provide policies and standards for recruitment, examination, probation, employment register control, certification, classification, salary administration, transfer, promotion and reemployment separate from procedures established for other employment. The director shall determine the positions which may be filled from career executive employment registers."

[5] The rules were revised in 1978 and February, 1981.

"PERS 30.07 **Career executive reassignment.** (1) Career executive reassignment is the action by the appointing authority of moving a career executive employe from one position to another in the career executive program within the appointing authority's department.

"(2) When an appointing authority determines that an employe in a career executive position in his or her department can best be utilized to accomplish the department's program goals by reassignment to another career executive position for which the employe is qualified in a classification with the same, or lower pay range maximum, the appointing authority may make such reassignment provided it is reasonable and proper. All such reassignments shall be made in writing to the affected employe with the reasons stated therein."

"PERS 30.10 **Career executive employe redress rights.** (1) Career executive program employment grants to each employe thereunder rights and privileges of movement between positions within the program without examination and additional competition except as provided in Wis. Adm. Code section PERS 30.08(2). Career executive reassignment and career executive voluntary movement to a position allocated to a classification assigned to a pay range having a lower, or higher pay range maximum, shall not be considered a demotion, or a promotion, respectively, and the statutory appeal rights provided thereto shall not apply.

"(2) Career executive reassignment by the appointing authority, as referred to in (1) above, is authorized without limitation, unless upon appeal by an employe with career executive status to the personnel board, the personnel board finds that the performance evaluation under Wis. Adm. Code section PERS 30.12 or other evidence offered by the appointing authority fails to demonstrate that the appointing authority's action was reasonable and proper. The employe is also entitled to an appeal when such reassignment is alleged by the employe to constitute an unreasonable and improper exercise of an appointing authority's discretion or when such reassignment is alleged by the employe to be for a reason which is prohibited by section 16.14, Wis. Stats.

"(3) An appointing authority may reassign a career executive employe for disciplinary purposes only for just cause.

"(4) Removal of an employe with career executive status from the career executive program resulting in the placement of the employe in a position allocated to a classification assigned to pay range 17 or below is defined as a demotion and is subject to an appeal therefrom as authorized by established statutory provisions.

"(5) Career executive status grants an employe the same redress rights granted employes with permanent status in class under subsection 16.05 (1) (e), Wis. Stats., for suspension without pay, discharge, layoff or reassignment for disciplinary purposes to a position within the career executive program allocated to a classification assigned to a lower pay range."

Chapter 196, Laws of 1977, transferred employment relations functions from the department of administration to a newly created department of employment relations. The director's powers and responsibilities were assumed by the administrator of the division of personnel, department of employment relations (administrator).[6] Sec. 16.19, Stats. 1975, was renumbered sec. 230.-24(1), Stats. 1977, and the rulemaking authority thereunder was delegated to the administrator.[7]

---

[6] *See* ch. 196, sec. 26, 130(2) and (5), Laws of 1977. *Compare* sec. 16.03, Stats. 1975, with sec. 230.05, Stats. 1977.

[7] "230.24 **Career executive selection.** (1) The administrator may by rule develop a career executive program that emphasizes excellence in administrative skills in order to provide agencies with a pool of highly qualified executive candidates, to provide outstanding administrative employes a broad opportunity for career advancement and to provide for the mobility of such employes among the agencies and units of state government for the most advantageous use of their managerial and administrative skills. To accomplish the purpose of this program, the administrator may provide policies and standards for recruitment, examination, probation, employment register control, certification, classification, salary administration, transfer, promotion and reemployment separate from procedures established for other employment. The administrator shall determine the positions which may be filled from career executive employment registers."

This change was effectuated by ch. 196, secs. 49, 130(5), Laws of 1977.

Construction of administrative rules is governed by the same principles that apply to construction of statutes.[8] Three such principles are relevant to the rules at issue here: A construction which does not render any provision superfluous is preferred;[9] a construction should be given which avoids conflict between different provisions;[10] and statutes should not be interpreted so as to render them unconstitutional or void.[11]

The lower courts determined that sec. PERS 30.10(1), Wis. Adm. Code, deprived the commission of jurisdiction over Basinas's appeal because it stated that reassignment of a career executive employee did not constitute a demotion. Therefore, the commission did not have jurisdiction under sec. 230.44(1)(c), Stats., and no other portion of secs. 230.44 and 230.45 conferred jurisdiction over Basinas's appeal. Since the powers of an administrative agency are strictly construed against expansion beyond what is expressly authorized by statute,[12] jurisdiction could not be based on sec. PERS 30.10(2) and (5), because the statutes defining the commission's jurisdiction did not provide for appeals of reassignments

[8] *See* 1A Sands, *Sutherland Statutory Construction*, sec. 31.06 (4th ed., 1972); 2 Am. Jur. 2d, *Administrative Law*, sec. 307 (1962); 73 C.J.S., *Public Administrative Bodies and Procedure*, sec. 105 (1951); *Rucker v. Wabash Ry.*, 418 F.2d 146, 149 (7th Cir. 1969); *California Drive-In Restaurant Ass'n. v. Clark*, 22 Cal. 2d 287, 140 P.2d 657, 660 (1943).

[9] *State v. Wisconsin Telephone Co.*, 91 Wis. 2d 702, 714, 284 N.W.2d 41 (1979).

[10] *Mack v. Jt. School Dist. No. 3*, 92 Wis. 2d 476, 489, 285 N.W.2d 604 (1979).

[11] *State ex rel. Strykowski v. Wilkie*, 81 Wis. 2d 491, 526, 261 N.W.2d 434 (1978); *In re City of Beloit*, 37 Wis. 2d 637, 643, 155 N.W.2d 633 (1968).

[12] *Browne v. Milwaukee Bd. of School Directors*, 83 Wis. 2d 316, 333, 265 N.W.2d 559, 567 (1978).

which constituted an improper exercise of discretion or were for disciplinary purposes.

It may be argued that sec. PERS 30.10, Wis. Adm. Code, provides a right of appeal to the new board, which would have authority to hear the appeal under sec. 230.-07 (4), Stats. 1977.[13] The language of the rules relevant to Basinas's appeal permit this interpretation. Those rules went into effect in 1975, prior to the division of the functions of the old board between the board and commission. In February, 1981, the administrator amended sec. PERS 30.10, to reflect, among other things, the division of functions between the board and the commission implemented by ch. 196, Laws of 1977. Under the new rules, sec. PERS 30.10, Wis. Adm. Code (1981), appeals by career executives of reassignments are to the commission.[14] In revising these rules, we must assume

[13] "230.07 **Duties of personnel board.** . . . (4) The Board may make investigations and hold hearings on its own motion or at the request of interested persons and issue recommendations concerning all matters touching the enforcement and effect of this subchapter and rules prescribed thereunder. If the results of an investigation disclose that the administrator, appointing authority or any other person acted illegally or to circumvent the intent and the spirit of the law the board may issue an enforceable order to remand the action to the administrator or appointing authority for appropriate action within the law. Any action brought against the administrator or appointing authority for failure to comply with the order of the board shall be brought and served within 60 days after the date of the board's findings."

[14] "PERS 30.10 **Career executive employe redress rights.** (1) Career executive program employment grants to each employe thereunder rights and privileges of movement between positions within the program without examination and additional competition. Career executive reassignment and career executive voluntary movement to a position allocated to a classification assigned to a lower or higher pay range shall not be considered a demotion, or a promotion, respectively, and the statutory appeal rights provided thereto shall not apply.

"(2) Career executive reassignment by the appointing authority, as referred to in sub. (1), is authorized without limita-

that the administrator was cognizant of the statutory powers of the commission as set forth in secs. 230.44 and 230.45, Stats. Since appeals of the types permitted by sec. PERS 30.10, Wis. Adm. Code (1981), could only be heard by the commission under its authority to hear appeals of demotions pursuant to sec. 230.44(1)(c), we can only assume that the administrator intended actions appealable under sec. PERS 30.10(2) and (4) (1981), to be demotions appealable to the commission under sec. 230.44(1)(c).

The actions appealable under sec. PERS 30.10, Wis. Adm. Code (1981), are of the same nature as those appealable under sec. PERS 30.10, Wis. Adm. Code (1975). The 1975 PERS rules were in effect for nearly three years after the functions of the board were divided between the board and the commission. The commission's powers have not changed significantly since the commission was created in 1978, and, insofar as this appeal is concerned, are the same now as when Basinas commenced his appeal. When sec. PERS 30.10, Wis. Adm. Code was revised in 1981 to refer to the commission rather than the board as the appeals body, it was merely a recognition of the division of functions between the board and

tion. However, an employe with permanent status may appeal the reassignment to the *personnel commission* if it is alleged that such reassignment either constitutes an unreasonable and improper exercise of an appointing authority's discretion or is prohibited by s. 230.18, Stats.

"(3) Removal of an employe with permanent status from the career executive program which results in the placement of the employe in a position allocated to a classification assigned to pay range 17 or below is defined as a demotion, and may be appealed.

"(4) Permanent status grants an employe the same redress rights granted employes with permanent status in class under s. *230.44 Stats.*" (Emphasis added.)

the commission effected by ch. 196, Laws of 1977, rather than a substantive change. Absent any indication that sec. PERS 30.10, Wis. Adm. Code (1981), intended to change the body to whom appeals by career executives should be made, sec. PERS 30.10, Wis. Adm. Code (1975), should also be interpreted as referring to the commission for appeals after the effective date of ch. 196, Laws of 1977.

In addition, reading sec. PERS 30.10, Wis. Adm. Code (1975), to refer to the commission rather than the board is supported by language in sec. PERS 30.10(5), that refers to appeal rights under sec. 16.05(1)(e), Stats. 1975.[15] That section parallels the language of sec. 230.-44(1)(c), Stats. 1977. When the duties of the old board were divided by ch. 196, Laws of 1977, sec. 29 of that session law renumbered all of sec. 16.05, Stats. 1975, except for sec. 16.05.(1)(e) to (h), (2) and (7), as sec. 230.07, Stats. 1977, which sets forth the duties of the new board. Section 30 of ch. 196, Laws of 1977, repealed sec. 16.05(1)(e) to (h), (2) and (7), Stats. 1975, and sections 121 and 122 created secs. 230.44 and 230.45, Stats. 1977, giving the commission most of the functions set forth in the repealed sections, along with additional powers.

The commission would have jurisdiction over Basinas's appeal under sec. 230.44(1)(c), Stats., were it not for the definition of demotion in sec. PERS 30.10(1), Wis. Adm. Code. If all of sec. PERS 30.10 were given effect, the commission would likewise have jurisdiction over Basinas's appeal because his appeal letter met the juris-

---

[15] "16.05 **Duties of personnel board.** (1) The board shall: "... (e) Hear appeals of employes with permanent status in class, from decisions of appointing authorities when such decisions relate to demotions, layoffs, suspensions, discharges or reductions in pay but only when it is alleged that such decision was not based on just cause, ...."

dictional requirements set forth in sec. PERS 30.10 (2) and (5), as it alleged that the reassignment was for disciplinary purposes and constituted an unreasonable and improper exercise of discretion. However, the interrelation of sec. PERS 30.10, Wis. Adm. Code, and sec. 230.44 (1) (c) convinced the lower courts to find that there was no jurisdiction over Basinas's appeal.

The draftsmanship of sec. PERS 30.10, Wis. Adm. Code, leaves something to be desired. However, the section may be interpreted so as not to nullify any of its provisions. Rather than interpreting sec. PERS 30.10 (1) as redefining demotion and sec. PERS 30.10 (2) and (5) as permitting appeals to the commission for other than demotions, the whole section may be viewed as a definition of demotion insofar as appeals to the commission under sec. 230.44 (1) (c), Stats., are concerned. Under this interpretation, sec. PERS 30.10 (1) first states as a general proposition that reassignments to jobs in lower pay ranges are not demotions, but then sec. PERS 30.10 (2) and (5) declare that reassignments for disciplinary purposes, or those which constitute an unreasonable and improper exercise of discretion, are, in fact, demotions appealable to the commission. Subsections (2) and (5) do not confer jurisdiction on the commission in excess of that set forth in secs. 230.44 and 230.45, Stats., but merely reinstate a portion of the appealable matters which were removed by subsection (1).

This reading of sec. PERS 30.10, Wis. Adm. Code, does not require that we abrogate certain portions of the rule, as was done by the lower courts. Neither does our interpretation expand the commission's jurisdiction beyond the parameters set out in secs. 230.44 and 230.45, Stats. We view sec. PERS 30.10 in its entirety to define demotion for career executive employees, rather than interpreting sec. PERS 30.10 (1) as defining demotion and viewing the other subsections of that rule as pertaining to something else.

This view of sec. PERS 30.10, Wis. Adm. Code, in its entirety as a definition of demotion, is supported by other subsections of that rule. Sec. PERS 30.10(3) refers to the "just cause" standard which applies to demotions of classified employes under both sec. 16.28(1)(a), Stats. 1975, and sec. 230.34(1)(a), Stats. 1977. Sec. PERS 30.10(4) expressly defines a reassignment to a position in pay range seventeen or below as a demotion.[16]

Furthermore, interpreting sec. PERS 30.10, Wis. Adm. Code, to permit appeals of demotions only if brought for disciplinary purposes or if they constitute an unreasonable and improper exercise of discretion, may facilitate the easy transferability of career executives goal set forth in sec. 230.24(1), Stats., yet not cause a disparity between the rights of career executives and other classified employees which would discourage entry into the career executive program. Th convoluted language used in sec. PERS 30.10 may also represent an attempt to facilitate such transferability by removing the pejorative connotation associated with the term "demotion" from reassignments of career executives to jobs in lower pay ranges. Because sec. PERS 30.10, Wis. Adm. Code, does not, insofar as it applies to reassignments to lower pay ranges, exceed the commission's jurisdiction as set out in secs. 230.44 and 230.45, Stats., there is no reason to negate any of its provisions.

We conclude that sec. 230.44(1)(c), Stats. 1977, and sec. PERS 30.10, Wis. Adm. Code (1975), give the commission jurisdiction over an appeal by a career executive employee from a reassignment to a job in a lower pay range if the appeal alleges that the reassignment was an unreasonable and improper exercise of discretion or was for disciplinary purposes.

---

[16] Secs. PERS 30.10(3) and (4), Wis. Adm. Code (1981), *supra,* also pertain to demotions and appeal rights of career executive employees.

*By the Court.*—Judgment reversed and cause remanded with directions to remand to the personnel commission for proceedings consistent with this opinion.