STATE EX REL. William STAPLES, Petitioner-
Appellant,

v.

DEPARTMENT OF HEALTH & SOCIAL
SERVICES, Disciplinary Committee, Donald
Clusen, Respondents.

Court of Appeals

*No. 84–2297. Submitted on briefs October 9, 1985.—Decided
March 25, 1986.*

(Also reported in 387 N.W.2d 551.)

For the petitioner-appellant the cause was submit-
ted on the brief of *William Staples,* pro se, of Waupun.

For the respondents the cause was submitted on the brief of *Sue E. Kanner* and *Lee, Johnson, Kilkelly & Nichol, S.C.* of Madison.

Before Gartzke, P.J., Dykman and Eich, JJ.

EICH, J. William Staples, a Waupun State Prison inmate, appeals from an order affirming a decision of the prison's disciplinary committee. The committee found Staples guilty of illegally transferring property and of disobeying an order. While several issues are raised on the appeal, one is dispositive. Because the prison authorities reclassified Staples' violation from a "minor" to a "major" offense without any statement of reasons for doing so, we consider the outcome to be controlled by *State ex rel. Staples v. Department of Health & Social Services,* No. 85–1442 (Wis. Ct. App. Jan. 24, 1986) (publication ordered March 6, 1986).

A prison guard saw a line with a sock "container" lowered from Staples' cell to one on the tier below. The guard saw the sock being drawn back up to Staples' cell. When confronted, Staples refused to relinquish the sock and accused the guard of harassing him. The guard then filed a conduct report charging Staples with illegally transferring property and disobeying an order in violation of Wis. Adm. Code, secs. HSS 303.24 and 303.40.

The committee found Staples guilty of both offenses and imposed a "major" penalty: three days "adjustment segregation," program segregation and loss of electronic equipment privileges. The prison superintendent affirmed the committee's decision, and Staples sought review by certiorari. The trial court affirmed the committee's decision.

When a conduct report is prepared by a guard, it is submitted to the prison security director who reviews the report and classifies the violation as a major or minor offense. Wis. Adm. Code, sec. HSS 303.68(3) (1980). Both of the offenses charged in Staples' conduct report are minor violations under the code. The security director, however, has the authority to "elevate" a minor infraction to a major offense based on the following criteria:

> (a) Whether the inmate has previously been found guilty of the same or a similar offense, how often, and how recently;
> (b) Whether the inmate has recently been warned about the same or similar conduct;
> (c) Whether the alleged violation created a risk of serious disruption at the institution or in the community;
> (d) Whether the alleged violation created a risk of serious injury to another person; and
> (e) The value of the property involved, if the alleged violation was actual or attempted damage to property, misuse of property, possession of money, gambling, unauthorized transfer of property, soliciting staff or theft.

Wis. Adm. Code, sec. HSS 303.68(3) (1980). Generally, major violations carry more severe penalties than minor violations.

When a change in the status of an offense is made, due process requires the security director to indicate in the record the reason for the decision based on these criteria. *Staples,* at 4. The reason for the security director's action on Staples' conduct report does not appear of record. As we noted in *Staples,* the same due process

considerations that apply to the disciplinary committee's ultimate determination apply to the security director's decision to elevate the status of an offense. *Id.* at 3–4.

Staples argues that because the security director failed to state any reason for elevating the charged offenses to major violations, the committee's finding of guilt and imposition of discipline must be reversed. The state does not respond to Staples' challenge to the reclassification, other than to suggest that we may glean the director's reason from an examination of the committee's ultimate statement as to why it selected the penalty it did. The committee's decision consists of handwritten entries on a printed form. In a box entitled "Reasons for Disposition," the following appears: "2nd offense of 303.34 in 90 day period." As indicated, a "repeat offense" is one of the grounds upon which the security director may properly elevate an offense from minor to major when the proceedings are first instituted.

In *Staples,* neither the security director's report nor the committee's ultimate decision contained any entry from which we could infer compliance with due process of law, and we "decline[d] to draw inference upon inference upon presumption in order to sustain the committee." *Id.* at 5. While it might be possible in this case to work backward from the committee's disposition notation and assume that the repeater aspect of the offense was also the reason underlying the security director's reclassification of the violation, we decline to do so. Wisconsin Administrative Code, sec. HSS 303.68(3) (1980), is clear in its mandate to the director to consider the listed criteria. And, when he or she upgrades a violation from minor to major status, the rea-

sons for the decision must be stated in the record. The reasons "need not be lengthy or detailed, but they must allow a reviewing court to understand them without having to guess." *Id.* at 5.

We conclude that the security director's failure to provide a written statement of the reasons for reclassifying Staples' offenses from minor to major violated Staples' rights to the minimum protections of due process.[1] We therefore reverse with directions to the trial court to enter an order reversing the decision of the disciplinary committee.

*By the Court.*—Order reversed and cause remanded with directions.

---

[1] As in *Staples,* at 6 n. 1, we do not consider, *State ex rel. Irby v. Israel,* 95 Wis. 2d 697, 291 N.W.2d 643 (1980), to present a problem.