STATE EX REL. William STAPLES, Plaintiff-
Appellant,

v.

DEPARTMENT OF HEALTH & SOCIAL
SERVICES, Resident Complaint System, Linda
Reivitz and Walter Dickey, Defendants-
Respondents.

Court of Appeals

*No. 85–0878. Submitted on briefs February 25, 1986.—Decided
January 22, 1987.*

(Also reported in 402 N.W.2d 369.)

For the plaintiff-appellant the cause was submitted on the briefs of *William Staples*, pro se, of Waupun.

For the defendants-respondents the cause was submitted on the brief of *Sue E. Kanner* and *Lee, Johnson, Kilkelly & Nichol, S.C.*, of Madison.

GARTZKE, P.J.  Appellant William Staples is an inmate in the Wisconsin Correctional Institution at Waupun. The Department of Health and Social Services and others are respondents.[1] Staples appeals from an order dismissing his certiorari petition challenging the respondents' refusal to grant relief on the grievances he filed under the Inmate Complaint

---

[1]The other respondents are Linda Reivitz, secretary of the department, and Walter Dickey, previous administrator of the division of corrections.

Review System (ICRS), Wis. Adm. Code sec. HSS 310. The purpose of the ICRS is "to afford inmates in adult institutions a process by which grievances may be expeditiously raised, investigated, and decided." Section HSS 310.01(1).

We deem the principal issue to be whether Staples's grievances are reviewable under ICRS. To the extent that respondents refused to grant relief or failed to review Staples's grievances which are not reviewable under the ICRS, we affirm. We conclude, however, that respondents failed adequately to deal with certain of Staples's grievances which are reviewable under the ICRS. We therefore affirm in part and reverse in part and remand with directions.

## I.
## PROCEDURAL HISTORY

This case began with a prison disciplinary proceeding against Staples when he was an inmate at Kettle Moraine Corrections Institution. He was charged with battery, a violation of a disciplinary rule. The disciplinary committee found him guilty.

As a result of the disciplinary proceeding, Staples received 360 days program segregation,[2] he lost "good time credits" against his sentence, he lost his security rating, and he was returned to the prison at Waupun. While he was in program segregation he was unable to continue schooling or work in the institution. Staples sought certiorari review in the circuit court for Sheboygan county. That court dismissed his petition

---

[2]Program segregation is described in Wis. Adm. Code sec. 303.70. It may be imposed only for a major offense. Section HSS 303.70(1). The maximum period of program segregation for battery is 360 days. Section HSS 303.84(1)(h).

without reviewing the record made by the disciplinary committee. The Wisconsin supreme court reversed and directed the circuit court to review the record. *State ex rel. Staples v. DHSS*, 115 Wis. 2d 363, 340 N.W.2d 194 (1983). On remand, the circuit court ordered that the disciplinary committee's decision be "vacated" and that the disciplinary action against Staples be expunged from the records.

Staples again petitioned the Sheboygan county circuit court. He contended that the court should have ordered that he receive his former security rating, backpay for hours he lost from prison work and his court expenses, and that he be returned to Kettle Moraine Corrections Institution. The circuit court dismissed Staples's petition, and the court of appeals affirmed.

Staples then filed a complaint in the prison for administrative relief under the ICRS. He requested reinstatement of his good time credits and security rating, his return to Kettle Moraine, and compensation, apparently for "mental stress, anguish [and] discomfort" and for the period in which he was denied the opportunity to work and could not continue prison school. He cited Wis. Adm. Code sec. 313.08(9), pertaining to compensation in prison industry shops and providing that an employee found not guilty of a violation of a disciplinary rule "shall be paid for all hours absent from work due to the disciplinary proceedings." He alleged that another inmate had received backpay and reinstatement at his old prison job after the circuit court vacated a disciplinary committee's finding of guilt from violation of a disciplinary rule.

An inmate complaint investigator recommended that Staples's complaint be dismissed.[3] The grounds for dismissal are ambiguously stated but appear to be that Staples was not entitled to backpay for work in the prison because he had been attending school and was not working, the circuit court had not ordered Staples's return to Kettle Moraine, and Staples's grievances are not reviewable under the ICRS because they pertain to his inmate record.[4]

After the investigator's recommendation was administratively accepted and affirmed, Staples petitioned the Dane county circuit court for certiorari review. The gravamen of Staples's petition is that action on his complaint was not taken within the time

---

[3]An inmate complaint investigator must investigate each ICRS complaint. Within ten working days the investigator must forward a report and recommendation to the superintendent of the institution, who must accept or reject the recommendation within five working days. Wis. Adm. Code secs. HSS 310.07(1) and (3), sec. HSS 310.08(1). The ICRS provides for further review by the "correction complaint examiner," then by the administrator of the division of corrections and ultimately by the secretary of the Department of Health and Social Services, all within fixed time periods. Wis. Adm. Code secs. HSS 310.09, 310.10 and 310.11.

[4]The reasons for dismissal, as stated by the investigator, are as follows:

> Your situation cannot be equated with rules governing industry since employment with industry is a separate entity in the correctional system. Since no reinstatement of back pay or return to KMCI [Kettle Moraine] was ordered or recommended by the court, satisfaction should be gained from the fact that the major conduct report has been expunged from your file. To quote HSS 310.04(2), the ICRS [Inmate Complaint Review System] may be used to seek a change of any institutional policy or practice except: (3) [sic] a decision on a challenge to an inmate record.

The intended reference is to Wis. Adm. Code sec. HSS 310.04(2)(e).

limits provided in the ICRS regulations,[5] and respondents should have granted the relief he seeks because respondents had granted the same relief to another inmate. The trial court dismissed Staples's petition.

We need not describe the trial court's reasons for dismissing Staples's petition. Judicial review on certiorari is limited to whether the agency's decision was within its jurisdiction, the agency acted according to law, its decision was arbitrary or oppressive and the evidence of record substantiates the decision. *Van Ermen v. H&SS Department*, 84 Wis. 2d 57, 63, 267 N.W.2d 17, 20 (1978). The scope of our review is identical to that of the trial court on certiorari. We decide the merits of the matter independently of the trial court's decision, *State ex rel. Hippler v. Baraboo*, 47 Wis. 2d 603, 616, 178 N.W.2d 1, 8 (1970), and reviewing the trial court's analysis is therefore unnecessary.

## II.
## ICRS COVERAGE OF GRIEVANCES FILED

Because the prison officials ruled that the ICRS system is unavailable, Staples never obtained rulings on the merits of his grievances, except in part as to his backpay grievance and as to his return to Kettle Moraine. The apparent reason for withholding those rulings is that the ICRS does not apply to his grievances. We conclude that respondents partly erred by withholding rulings.

We held in *State ex rel. Meeks v. Gagnon*, 95 Wis. 2d 115, 119, 289 N.W.2d 357, 361 (Ct. App. 1980), that an agency is bound by its own procedural rules, and its

---

[5]See footnote 3.

failure to follow its own regulations is reviewable on certiorari. The same principles cover judicial review of decisions by prison officials under the Inmate Complaint Review System, since that system is part of the administrative fabric of the Division of Corrections.

The ICRS exists to afford inmates in adult correctional institutions a process by which their grievances may be expeditiously raised, investigated and decided. Wis. Adm. Code sec. HSS 310.01(1). The scope of the ICRS system is stated in sec. HSS 310.04(2), which provides:

> The ICRS may be used to seek a change of any institutional policy or practice except:
>     (a)   A finding of guilt or a penalty imposed by an adjustment committee or a disciplinary hearing officer as the result of a disciplinary hearing under ch. HSS 303;
>     (b)   A program review committee's decision under ch. HSS 308 to place a person in administrative confinement;
>     (c)   A decision of the parole board acting in any capacity;
>     (d)   The denial of a request for an authorized leave as provided in ch. HSS 326; or
>     (e)   A decision on a challenge to an inmate record.

■
The ruling that the relief Staples sought is unavailable under the ICRS is an interpretation of Wis. Adm. Code sec. HSS 310.04(2). The interpretation of an administrative regulation is a question of law. *Huff & Morse, Inc. v. Riordon*, 118 Wis. 2d 1, 4, 345 N.W.2d 504, 506 (Ct. App. 1984). We usually defer, however, to an agency's interpretation of its own regulations. "It is black-letter law that the interpreta-

tion by an administrative agency of its own regulation is entitled to controlling weight unless inconsistent with the language of the regulation or clearly erroneous." *Beal v. First Fed. Sav. & Loan Asso. of Madison*, 90 Wis. 2d 171, 183, 279 N.W.2d 693, 698 (1979).

Wisconsin Adm. Code sec. HSS 310.04(2)(e), which excepts ICRS review of a requested change in an "institutional policy or practice" pertaining to a "decision on a challenge to an inmate record," is ambiguous. It is ambiguous because reasonable persons can understand it differently. *St. John Vianney Sch. v. Janesville Ed. Bd.*, 114 Wis. 2d 140, 150, 336 N.W.2d 387, 391 (Ct. App. 1983).

The ambiguity is two-fold. First, an "institutional policy or practice" connotes rules, regulations and customs of general application throughout the institution rather than actions affecting only the individual interests of inmates. Second, it is unclear whether "a decision on a challenge to an inmate record" pertains to an administrative decision which affects an inmate's record but is not reviewable under a procedure other than the ICRS.

Because the regulation is ambiguous, we may look beyond its words to other sources in an effort to determine the department's intent. We may do so because the construction of administrative rules is governed by the same rules as apply to statutory construction. *Basinas v. State*, 104 Wis. 2d 539, 546, 312 N.W.2d 483, 486 (1981). The department has added to Wis. Adm. Code ch. 310 a lengthy Appendix containing explanatory material pertaining to the ICRS. Because sec. HSS 310.04(2)(e) is ambiguous, we may look to that Appendix for clarification of the department's intent when it adopted ch. 310. *Compare*

*State v. Williquette*, 129 Wis. 2d 239, 254, 385 N.W.2d 145, 152 (1986) (articles by principal draftsman of statute are persuasive authority when construing the statute).

According to Wis. Adm. Code note 310.01 Appendix,

> Experience with the Wisconsin complaint system has shown that most complaints relate to personal property, the application of rules, and disagreements with staff. ... Although most of those grievances relate to matters which appear minor to people unfamiliar with the correctional system, many are critical to inmates because of the profound personal effect.

We conclude that the ICRS embraces individual grievances, as well as those having an institutionwide scope.

We turn to the five exclusions from ICRS review listed in Wis. Adm. Code sec. 310.04(2). Those exclusions are clarified by the following excerpts from the same Appendix:

> The scope of the grievance system is wide. It can be used to seek change of any institutional policy or practice not listed in [HSS sec. 310.04] sub. 2. ....

> There are three principal reasons for the exceptions provided in [Wis. Adm. Code HSS sec. 303.04] sub. (2). First, procedures for review of some decisions are provided in other sections of the administrative rules. This is true of disciplinary [sic], program review, and furlough decisions. Second, some matters, such as parole, are not within the authority of corrections. Finally, the nature of the issue may make investigation difficult or may

require expertise that is beyond the ICI [Inmate Complaint Investigator] and the CCE [Corrections Complaint Examiner].

Wis. Adm. Code note HSS 310.04 Appendix.

We conclude from these quotations that Wis. Adm. Code sec. HSS 310.04(2) is intended generally to exclude a grievance from ICRS review if the grievance is reviewable under another administrative rule. If an inmate's grievance cannot be reviewed under some other prison regulation, the grievance is reviewable under the ICRS, unless it is expressly excluded from the ICRS. Doubts in this regard should be resolved in favor of reviewability under the ICRS in view of its intended breadth.

We accept an agency's interpretation of a statute it administers only if the interpretation is reasonable and consistent with the purpose of the statute. *Pigeon v. ILHR Department*, 109 Wis. 2d 519, 525, 326 N.W.2d 752, 755 (1982). The same principle should apply to an agency's interpretation of its own regulation. Because the department's interpretation of Wis. Adm. Code sec. HSS 310.04(2) is contrary to its own intent, as expressed in its own Appendix to ch. 310, we reject that interpretation. An agency acts unreasonably when it interprets its own regulation contrary to its own intent.

Whether a particular grievance filed by an inmate is reviewable or is excluded from review under ICRS is therefore a matter of searching the prison regulations to determine whether a specific procedure exists to handle the grievance or a specific exclusion from the ICRS applies. These are questions of law which we may independently decide. We now proceed

to determine whether each of Staples's individual grievances is reviewable under the ICRS.

■

*Backpay.* As noted, Wis. Adm. Code sec. HSS 313.08(9) provides that an employee found not guilty of a violation of a disciplinary rule shall be paid for all hours absent from work due to disciplinary proceedings. Because the circuit court expunged the finding that Staples was guilty, HSS 313.08(9) could apply. No regulation provides a specific procedure to review a claimed violation of sec. HSS 313.08(9), and the ICRS does not expressly exclude it. The backpay grievance is reviewable under the ICRS.

*Good Time Credit.* Credit for good time is covered by Wis. Adm. Code secs. HSS 302.26 and 302.27. No regulation creates a procedure to review an inmate's grievance regarding credits lost by virtue of a disciplinary committee decision later vacated by a court. HSS 310.04(2)(e) does not expressly exclude the grievance. Staples's good time credit grievance is reviewable under the ICRS.

*Lost School Time.* No regulation provides a mechanism by which an inmate may seek compensation for lost school time. The ICRS does not expressly exclude a grievance seeking such compensation. Staples's grievance claiming such compensation is reviewable under the ICRS.

■

*Security Classification.* Inmate security classification is covered by Wis. Adm. Code secs. HSS 302.12 through 302.19. A specific procedure exists to review a security classification. Secs. HSS 302.18(3)(b) and 302.19. Staples's classification grievance is not reviewable under the ICRS.

■ *Institution Assignment.* Assignment of an inmate to a particular institution is covered by Wis. Adm. Code sec. HSS 302.18. Staples may request a review of his assignment under sec. HSS 302.18(3)(b). His assignment grievance is not reviewable under the ICRS. This grievance should have been dismissed for that reason, rather than the reason given: that the circuit court had not ordered his return to Kettle Moraine.[6]

## III.
## ADMINISTRATIVE DISPOSITION OF GRIEVANCES

Since Staples's classification and assignment grievances are not reviewable under the ICRS, we need not decide whether ICRS procedure was followed on those grievances. His ICRS complaint was properly dismissed as to those grievances.

We turn to Staple's backpay, school, general compensation, and good time grievances, which are reviewable under the ICRS, but which respondents failed to review. Because these grievances received no review, the timeliness issue raised by Staples need not be reached.

*Compensation for Lost Opportunity to Work.* Staples, not having lost a prison job by reason of the disciplinary proceedings, cannot receive backpay under Wis. Adm. Code sec. HSS 313.08(9). Staples, however, also claims compensation for being denied the *opportunity* to work, a grievance which has never been reviewed. We do not hold that Staples is entitled

---

[6]That the circuit court had not ordered his return to Kettle Moraine is no ground for failing to consider the issue, since the circuit court never ruled on it.

to compensation for the lost opportunity. We hold only that respondents must consider that grievance under the ICRS.

*School Grievance.* Staples's school grievance and general claim for compensation have not been reviewed, perhaps because of possible duplication by his lost work grievance. Since no consideration was given to the merits of the grievances, we cannot determine whether that is the case. Staples's school and compensation grievances must be considered.

*Good Time.* The sole reason for refusing to consider Staples's good time grievance appears to be the ICRS exclusion in Wis. Adm. Code sec. 310.04(2)(e), which we have held is inapplicable. Because Staples has received no decision on the merits of that grievance, it too must be considered.

## IV.
## CONCLUSION

We conclude that the judgment affirming the action of respondents should be affirmed, insofar as Staples's complaint was dismissed with respect to his classification and assignment grievances. We conclude that the circuit court erred with respect to Staples's remaining grievances. We direct the court to remand the matter to respondents to consider his remaining grievances under the ICRS. We do not reach the balance of Staples's arguments on appeal.

*By the Court.*—Order affirmed in part and reversed in part with directions.