STATE EX REL. William STAPLES, Petitioner-Respondent,

v.

Warren YOUNG, Walter Dickey and Linda Reivitz, Appellants.

Court of Appeals

*No. 87–0577. Submitted on briefs October 6, 1987.—Decided November 25, 1987.*

(Also reported in 418 N.W.2d 333.)

For the appellants the cause was submitted on the briefs of *Frank D. Remington,* and *Lee, Johnson, Kilkelly & Nichol, S.C.,* of Madison.

For the petitioner-respondent the cause was submitted on the brief of *Kenneth P. Casey,* assistant state public defender.

Before Gartzke, P.J., Dykman, and Sundby, JJ.

SUNDBY, J. This is an appeal from an order reversing a decision of the administrator of the division of corrections made under Wis. Adm. Code, sec. HSS 310.10(1) (April 1985),[1] dismissing William Staples' complaint filed under the inmate complaint review system (ICRS), Wis. Adm. Code, ch. HSS 310. The appellants are officials of the state department of health and social services who exercised review responsibilities over Staples' complaint under the ICRS.

Staples claims that from January 1981 through October 20, 1984 a common procedural error occurred on conduct reports written on him—the security director classified alleged offenses as major offenses without stating in writing his reasons, as required by Wis. Adm. Code, sec. HSS 303.68(3) (Aug. 1980).[2] *State ex rel. Staples v. DHSS,* 128 Wis. 2d 531, 384 N.W.2d 363 (Ct. App. 1986) *(Staples 1); State ex rel. Staples v. DH&SS,* 130 Wis. 2d 308, 387 N.W.2d 551 (Ct. App. 1986) *(Staples II)*. The trial court agreed and reversed

---

[1]Wisconsin Adm. Code, sec. HSS 310.10(1) (April 1985), provided:

> The corrections complaint examiner's (CCE's) written recommendation, along with a copy of the institution complaint file, shall be delivered to the division administrator who shall make a decision based on the record within 10 working days. For cause and upon administrator's notice to all interested parties, an additional 10 working days shall be allowed.

[2]We refer hereafter to this regulation as sec. HSS 303.68(3). Effective May 1, 1985, sec. HSS 303.68(3) was renumbered HSS 303.68(4) and amended to require the security director to consider the enumerated criteria and indicate in the record of the disciplinary action his reasons, based on the criteria, why he decided to treat an alleged offense as a minor or major offense.

351

the administrator's dismissal. We affirm the reversal of the administrator's decision. The trial court also reversed the decisions of the security director which were the subject of Staples' complaint. Because Wis. Adm. Code, sec. HSS 310.04(3) (March 1987), prescribes the procedure the administrator is to follow if the inmate's complaint is affirmed, we reverse that part of the trial court's order.

## I.

## COLLATERAL ESTOPPEL

Staples claims that the appellants are collaterally estopped from relitigating the issue decided in *Staples I* and *Staples II*. We disagree. Collateral estoppel applies only where the applicable legal rules remain unchanged.

> Collateral estoppel precludes relitigation of an issue of ultimate fact previously determined by a final judgment in an action between the same parties. It applies where the matter raised in the second suit is identical in all respects with that decided in the first proceeding and where the controlling facts and applicable legal rules remain unchanged.

*State ex rel. Lyons v. H&SS Dept.,* 105 Wis. 2d 146, 150, 312 N.W.2d 868, 870–71 (Ct. App. 1981) (citations omitted).

We overrule *Staples I* and *Staples II* insofar as these decisions hold that due process of law requires that the security director state in the record his reasons for classifying an offense as a major offense. The legal rules applicable to this case are therefore

changed from those which applied in *Staples I* and *Staples II.*

## II.

### CONSTRUCTION OF SEC. HSS 303.68(3)

Section HSS 303.68(3) provided:

> An alleged violation of any section other than those identified as major in sub. (2) of this section may be treated as either a major or minor offense. The security director shall decide whether it should be prosecuted as a major or minor offense, if the offense has not been disposed of summarily in accordance with HSS 303.74. To determine whether an alleged violation should be treated as a major or minor offense, the following criteria should be considered ....

Paragraphs (a) through (e) enumerated the criteria which the security director "should" consider.

Staples argues that "should" is mandatory while the appellants argue that "should" only suggested to the security director that he consider the enumerated factors. It is undisputed that the security director did not state in writing in the record of the disciplinary proceedings on the conduct reports written on Staples why he decided to charge him with major offenses.

Construction of administrative rules is governed by the same principles that apply to the construction of statutes. *Basinas v. State,* 104 Wis. 2d 539, 546, 312 N.W.2d 483, 486 (1981). Construction of an administrative provision is a question of law. *State ex rel. Staples v. DHSS,* 136 Wis. 2d 487, 494, 402 N.W.2d 369, 374 (Ct. App. 1987). Applying the rules of statutory

construction to administrative rules, the primary source for determining the scope and applicability of a rule is the rule itself. If the rule is plain and unambiguous, it must be interpreted on the basis of the plain meaning of its terms. *See Tahtinen v. MSI Ins. Co.,* 122 Wis. 2d 158, 167, 361 N.W.2d 673, 678 (1985).

We conclude that sec. HSS 303.68(3) is ambiguous. A rule is ambiguous if reasonable persons can understand it differently. *State ex rel. Staples v. DHSS.* 136 Wis. 2d at 495, 402 N.W.2d at 374. Section HSS 303.68(3) can be read by reasonable persons as imposing mandatory criteria upon the security director or as merely suggesting criteria. When a rule is ambiguous, we may resort to extrinsic aids to determine agency intent. *Huff & Morse, Inc. v. Riordon,* 118 Wis. 2d 1, 5, 345 N.W.2d 504, 506 (Ct. App. 1984).

The drafters of the disciplinary rules for inmates provided comprehensive comments to the rules. We may refer to these comments to resolve the ambiguity in sec. HSS 303.68(3). *State ex rel. Staples v. DHSS,* 136 Wis. 2d at 495, 402 N.W.2d at 374.

The note to Wis. Adm. Code, sec. HSS 303.01 (Aug. 1980), stated:

> Chapter HSS 303 sets for the procedure for inmate discipline. *It structures the exercise of discretion at various decision making stages* in the disciplinary process, *including* the decision to issue a conduct report, *the decision to classify an alleged violation as major or minor,* and sentencing. (Emphasis added.)

The note to sec. HSS 303.68 stated:

In order to preserve the option of using a major punishment, the security office will designate a conduct report as containing a "major offense" whenever it seems possible that either segregation or loss of good time will be imposed by the adjustment committee. Some offenses must *always* be considered major offenses; these are listed in sub. (2). Violations of other sections will be considered individually and it is left to the security director's discretion whether to treat an offense as major or minor. *However, guidelines for the exercise of this discretion are given in sub. (3).* (Emphasis added to last sentence.)

The drafters of sec. HSS 303.68(3) considered that the language of the section required the security director to exercise his discretion according to the guidelines set out in sub. (3). "A discretionary act to be upheld must be the product of a rational mental process by which the facts of the record and the law relied upon are stated and are considered together for the purpose of achieving a reasoned and reasonable determination." *State ex rel. Newspapers v. Circuit Court,* 124 Wis. 2d 499, 509, 370 N.W.2d 209, 214 (1985), *cert. denied,* — U.S. —, 88 L. Ed. 2d 782 (1986). If such were not the rule, a public officer charged with decisionmaking responsibility or authority according to discretionary standards could exercise arbitrary and capricious decisionmaking without accountability. We therefore conclude that "should" in sec. HSS 303.68(3) meant "shall" and required that the security director consider the enumerated criteria in exercising his discretion whether to prosecute an alleged offense as a major or minor offense. He was required to state in writing the criteria considered by him

because without such documentation there was no evidence to support his decision and no evidence that he exercised his discretion. Failure to exercise discretion is an abuse of discretion. *Staples I,* 128 Wis. 2d at 536 n. 1, 384 N.W.2d at 365. The security director's failure to state in the record why he decided to prosecute Staples' alleged offenses as major offenses was an abuse of discretion.

We do not decide whether Staples, by failing to move to dismiss the defective conduct reports, waived their defects. The appellants do not argue waiver. Nor do we decide whether Staples' complaint could have been dismissed as not within Wis. Adm. Code, ch. HSS 310. These questions do not raise issues of jurisdiction. We assume for decisionmaking purposes that the security director's abuse of discretion resulted in a defect in procedure which was reviewable under the ICRS.

■

Since Staples' complaint is affirmed, Wis. Adm. Code, sec. HSS 310.04(3) (March 1987), applies. Section HSS 310.04(3) provides in part:

> If a complaint challenging the procedure used by the adjustment committee or hearing officer is affirmed, the decisionmaker shall:
>
> 1. Affirm the adjustment committee's or hearing officer's decision but reduce the sentence in type or quality;
>
> 2. Reverse the adjustment committee's or hearing officer's decision. In this case, all records of the decision shall be removed from all offender-based files. Records may be kept for statistical purposes only; or
>
> 3. Return the case to the adjustment committee or hearing officer for further consideration.

If the administrator returns a case to the adjustment committee for further consideration, a defective conduct report shall be remanded to the security director who shall comply with sec. HSS 303.68(3).

## III.

## DUE PROCESS

In *Staples I* we affirmed the decision of the trial court that failure of the security director to articulate his reason for changing an alleged offense from minor to major violated Staples' right to due process of law. *See also Staples II,* 130 Wis. 2d at 312, 387 N.W.2d at 552–53 (security director's failure to provide written reasons for his charging decision violated Staples' rights to minimum protection of due process). We said:

> We have consistently held that the committee's failure to state the reasons underlying its decision and the penalty imposed in a disciplinary proceeding denies a prisoner the minimum guarantees of due process of law. *State ex rel. Irby v. Israel,* 95 Wis. 2d 697, 706–07, 291 N.W.2d 643, 647 (Ct. App. 1980). The same considerations apply to the security director's determination to elevate an offense from minor to major. Adjustment segregation, a major penalty, represents a major change in the conditions of confinement, and the possibility of its imposition in a given case demands that the prisoner be afforded due process protections. *Id.* at 704, 291 N.W.2d at 646, citing *Wolff v. McDonnell,* 418 U.S. 539, 571 n. 19 (1974). It follows that where a minor offense is upgraded to major status, there must be a statement in the record setting forth the reasons for the reclassification.

*Staples I,* 128 Wis. 2d at 534–35, 384 N.W.2d at 364–65.

We conclude we erred in holding that a prisoner's due process rights attach to the disciplinary charging process. In *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974), the Court said: "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." However, the Court held that inmates subject to disciplinary charges for misconduct are entitled to some due process protections. In *Hewitt v. Helms,* 459 U.S. 460, 466 n. 3 (1983), the Court described these as follows:

> [*Wolff*] required that inmates facing disciplinary charges for misconduct be accorded 24 hours' advance written notice of the charges against them; a right to call witnesses and present documentary evidence in defense, unless doing so would jeopardize institutional safety or correctional goals; the aid of a staff member or inmate in presenting a defense, provided the inmate is illiterate or the issues complex; an impartial tribunal; and a written statement of reasons relied on by the tribunal.

Under *Wolff,* 418 U.S. at 563, Staples was entitled to advance written notice of the charges against him. Such written notice to an inmate must be adequate to inform him of the charges and enable him to marshal the facts in his defense. *Id.* at 564. *Wolff* does not require, however, that the charging decision be based on criteria or that an inmate have notice of the reasons for the charging decision. If Staples' right to due process includes such rights, they arise out of sec. HSS 303.68(3). "When a regulation or rule with

binding force establishes substantive criteria, it also creates constitutional 'liberty' or 'property.'" *Miller v. Henman,* 804 F.2d 421, 424 (7th Cir. 1986).

Section HSS 303.68(3) required that the security director state in writing the reasons why he decided to prosecute an alleged offense as a major or minor offense. If he failed to do so, the disciplinary proceedings were flawed. Since sec. HSS 303.68(3) limited the exercise of the security director's discretion, superficially it would appear that the regulation created a protected liberty interest. *See Miller,* 804 F.2d at 425 ("a number of cases hold that regulations or policy manuals endow prisoners with liberty or property interests."). *Cf. Matthews v. Fairman* 779 F.2d 409, 413 (7th Cir. 1985) (administrative regulations establishing purely procedural guidelines that do not limit the exercise of officials' discretion do not create a protected liberty interest).

We conclude, however, that sec. HSS 303.68(3) did not create a liberty or property interest in an inmate to have the decision whether he would be charged with a major or a minor offense made according to substantive criteria. Despite the fact that they were graven in administrative regulations, the criteria were no more than procedural guidelines—all that the department did was tell the security director how he should make his decision whether to charge an inmate with a major or a minor offense. *See Miller,* 804 F.2d at 424 ("if all the Attorney General has done is to tell his staff how he wants to exercise his discretion ... there is no substantive rule enforceable in any forum.").

Section HSS 303.68(3) was not enacted for the benefit of individual inmates and did not create in

them a liberty or property interest. The security director's failure to follow the rule was an abuse of his discretion but did not deprive Staples of a protected liberty or property interest. While an abuse of discretion is by its nature arbitrary and capricious, not all such abuses are protected against by the state or federal constitutions.

The fact which distinguishes this case from those where the court found in the administrative rules a liberty or property interest is that Staples gets a due process hearing before his liberty is affected. No matter what the charge—major or minor—or how the security director arrives at his charging decision, Staples has all the constitutional protections to which he is entitled.

It is true, as we said in *Staples I,* 128 Wis. 2d at 535, 384 N.W.2d at 365, that the possibility of imposition of a major penalty demands that the prisoner be afforded due process protections. However, those due process protections did not attach to the decisions made by the security director to charge Staples with major offenses. We therefore overrule *Staples I* and *Staples II* and hold that failure of the security director to state in the record in writing his reasons for charging Staples with a major rather than a minor offense was simply an abuse of discretion and did not implicate Staples' due process rights.

IV.

RETROACTIVITY

The appellants ask that, if we do not overrule *Staples I,* we limit our holding to conduct reports written after January 24, 1986, the date of our mandate therein. Although we overrule *Staples I,* we

reach the same result—the security director was required to state in writing why he chose to prosecute an alleged offense as a major offense. We therefore address the appellants' request that we limit our holding to conduct reports written after January 28, 1986.

While the principle of law we establish is applicable to conduct reports written on other inmates, our holding will not "produce substantial inequitable results," *Kurtz v. City of Waukesha,* 91 Wis. 2d 103, 109, 280 N.W.2d 757, 761 (1979), in the functioning of prison disciplinary systems. Other inmates may have waived the same or a similar defect. If other inmates file complaints under the ICRS which are affirmed, Wis. Adm. Code, sec. HSS 310.04(3) (March 1987) does not require that the charges against them be dismissed or that the record of their offenses be expunged. Under sec. HSS 310.04(3)3 an inmate may be tried again on a properly drawn conduct report. We conclude that public policy, *see Kurtz,* 91 Wis. 2d at 108, 280 N.W.2d at 760, does not require that we limit the application of our decision to conduct reports written after January 24, 1986.

*By the Court.*—Order affirmed in part and reversed in part.